United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40974
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA VERENICE MARIN-GUTIERREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(No. 5:04-CR-2609)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria Marin-Gutierrez appeals the denial of her motion to suppress. For the

reasons that follow, we affirm.

DISCUSSION

Marin-Gutierrez was charged in a two count indictment with conspiracy to possess

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

with intent to distribute and possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. She filed a motion to suppress all statements given to law enforcement agents following her arrest. After conducting a hearing, the district court denied the motion. Marin-Gutierrez proceeded to trial, and the jury found her guilty of both charges. The district court sentenced her to 135 months imprisonment on each count, to be served concurrently, and a five-year term of supervised release. She timely appeals the denial of the motion to suppress.

In our review of the denial of a motion to suppress, we review findings of fact for clear error and conclusions of law de novo. *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). A district court's determination regarding the validity of a defendant's waiver of *Miranda* rights is a legal conclusion. *Id.* We give deference to the credibility choices of the district court unless clearly erroneous. *Id.* Where the denial of a motion to suppress is based on live testimony, the clearly erroneous standard is particularly strong because the district court had the opportunity to observe the demeanor of the witnesses. *United States v. Gibbs*, 421 F.3d 352, 356–57 (5th Cir. 2005).

Marin-Gutierrez argues that the district court erred in denying her motion to suppress. She contends that the statements she made to the DEA agents were not voluntary because she did not understand her rights, the DEA agents used coercive techniques, and she was ill. At the suppression hearing, Marin-Gutierrez testified that the agents aggressively interrogated her, spoke about jail time, and indicated that if she cooperated, she would be released. She testified that she feared losing her tourist visa,

2

which would prohibit her from seeing family living in the United States and from working in the United States. Marin-Gutierrez also testified that she was suffering from a fever at the time of her arrest and, due to her illness and the shock of what had happened, did not understand her rights as they were being explained to her by the border patrol agent when he read the *Miranda* warnings. She explained that she did not understand her right to remain silent.

At the hearing, the border patrol agent testified that he read Marin-Gutierrez her *Miranda* warnings on two occasions, once from a card in his pocket and once from an I-214 Form. He testified that he read them to her in Spanish. Evidence was presented that Marin-Gutierrez signed the form, acknowledging her understanding of her rights. One of the DEA agents testified and denied promising to release Marin-Gutierrez if she cooperated. The agent also denied using any threatening techniques. The agent further testified that, when Marin-Gutierrez stated she did not want to answer any more questions, the agents concluded the interview. At the end of the hearing, the district court stated that it credited the testimony of the agents that they did not overpower Marin-Gutierrez and that Marin-Gutierrez understood her rights. The district court expressed doubt that Marin-Gutierrez was actually ill since she had driven 150 miles by the time she had reached the Mexican border.

A defendant's waiver of *Miranda* rights is effective only if voluntary. *Cardenas*, 410 F.3d at 292. The determination of the voluntariness of a defendant's waiver of *Miranda* rights is made on a case-by-case basis. *Id.* A critical component of the inquiry is whether

3

the government exhibited coercive behavior.  *Id.* at 293.  In this regard, voluntariness depends on the absence of police overreaching as opposed to a defendant's free choice in any general sense.  *Id.*  The district court specifically found the DEA agents' testimony that they did not use coercive techniques to be more credible than Marin-Gutierrez's testimony to the contrary.  Nothing in the record indicates that this credibility determination was clearly erroneous.  The record also shows that Marin-Gutierrez was read *Miranda* warnings in Spanish, a language in which she is fluent, and that she signed a form indicating her understanding of her rights.  Though Marin-Gutierrez contests her understanding of these proceedings due to an illness at the time, the district court found that her testimony in this regard lacked credibility.  With this record evidence, we conclude that Marin-Gutierrez's statements to the DEA agents were voluntary and that the district court properly denied her motion to suppress.

## CONCLUSION

The judgment of the district court is AFFIRMED.

4