**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 11, 2011

Lyle W. Cayce
Clerk

No. 10-50551
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABELINO OLVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-451-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abelino Olvera pleaded guilty to possession with the intent to distribute more than five kilograms of cocaine and was sentenced to 78 months of imprisonment. As part of his plea agreement, Olvera reserved the right to appeal the district court's denial of his motion to suppress the evidence and now so appeals. He argues that his consent to the search of his vehicle was not valid and that the continued detention following the initially valid traffic stop was unconstitutionally prolonged.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's finding that the consent was voluntary for clear error. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The voluntariness inquiry is based on a totality of circumstances and six relevant factors are considered. *United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir. 1995). The record showed that although Olvera was handcuffed during the search, he was not in handcuffs at the time he gave his consent to Deputy Barner. There was no evidence of coercive tactics, and Olvera was cooperative during the stop. Deputy Ortiz testified that he informed Olvera of his right to refuse consent. The district court necessarily found Deputy Ortiz's statement to be credible, and this credibility determination is entitled to deference. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). Additionally, the evidence showed that Olvera understood that he was providing consent to search. There was ample evidence that Olvera understood English sufficiently to know that he was allowing a search of the vehicle. Moreover, he again gave consent to search the vehicle in Spanish. Though he contends that Deputy Ortiz did not use the correct terminology in Spanish, the testimony showed that Olvera used the same terminology when he told Deputy Ortiz that he could check the vehicle. Finally, it is unlikely that Olvera believed contraband would be found because it was located in a hidden compartment with a trap door. The balance of these factors supports the district court's determination that Olvera's consent was voluntary. *See Solis*, 299 F.3d at 436. Thus, the district court did not clearly err in this regard. *See id.*

With regard to Olvera's argument challenging his continued detention, our inquiry is limited to whether the officers' subsequent actions were reasonably related in scope to the circumstances that justified the stop in the first place. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004). Deputy Barner and Deputy Ortiz articulated numerous bases for their suspicion. Olvera was unable to provide basic information regarding his destination and employment. He provided a temporary driver's license without photographic identification. His

passenger's driver's license was from Florida though she claimed to reside in Dallas. There were inconsistent and implausible explanations regarding the vehicle and the trip. All of these factors provided justification for Deputy Barner's continued detention to ensure Olvera's identity and that the vehicle was not stolen. Viewed in the light most favorable to the Government, Olvera's continued detention was justified by reasonable suspicion. *See Brigham*, 382 F.3d at 506-09.

Accordingly, the judgment of the district court is AFFIRMED.