**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2012

No. 11-60575
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER MCMILLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CR-40-2

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Christopher McMillen was convicted of possession of child pornography
and aiding and abetting. He was sentenced to 120 months of imprisonment and
to 15 years of supervised release. He appeals the district court's denial of his
motions to suppress evidence and incriminatory statements.

As to his motion to suppress evidence, McMillen contends that the search
warrant did not sufficiently describe the place to be searched. Since two homes
were located on the property subject to the search warrant, McMillen contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the mere description of the address in the warrant "was overbroad and left absolute discretion to the officers in executing the warrant."

This court reviews a district court's factual findings on a motion to suppress for clear error and its legal conclusions on Fourth Amendment issues de novo. *United States v. Zavala*, 541 F.3d 562, 573-74 (5th Cir. 2008) (internal citation omitted). When a search has been conducted in accordance with a warrant, this court uses a two-part test to review the district court's denial of a motion to suppress. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). The first step involves examining whether the good faith exception to the exclusionary rule applies. *Id.* (citing *United States v. Leon*, 468 U.S. 897, 919-20 (1984)). If the good faith exception applies, no further analysis is necessary unless the case involves "a 'novel question of law' resolution of which is 'necessary to guide future action by law enforcement officers and magistrates.'" *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). If the good faith exception does not apply, then this court proceeds to the second step of the analysis and considers whether there was probable cause to support the issuance of the warrant. *Froman*, 355 F.3d at 888. This court reviews de novo whether the exception applies. *Payne*, 341 F.3d at 399.

Contrary to McMillen's assertions, testimony at the suppression hearing indicates that the officers did make diligent efforts to determine who resided at the property prior to executing the search warrant. Officer Joseph Danny Giroux testified that he drove by the property prior to executing the warrant, but that no residence was visible from the road. Officer Giroux stated that both houses are located a quarter mile off the main road. The only thing visible to the officers from the road was a mailbox bearing the address "552 Highway 178." Officer Giroux further testified that he did view aerial maps prior to executing the warrant. However, these maps only showed a trailer situated on the property.

No. 11-60575

The suppression hearing further indicates that the officers made diligent efforts to determine which residence was the likely target once it was discovered that there were two residences on the property.  After interviewing the resident of the brick house and determining that he was not likely the perpetrator, the officers inspected the internet cables and determined that the trailer was the source of the internet connectivity.  Further, utilizing a cell phone, officers determined that a wireless internet signal was emanating from the trailer.  Officers then contacted the electric company and discovered that the trailer had the same address as listed in the search warrant: "552 Highway 178."  Finally, officers sought legal advice from the Assistant United States Attorney who informed the officers that the search warrant was good for both residences.  Based on these factors, "[t]here was no deliberate, reckless or grossly negligent conduct by law enforcement officers" to warrant application of the exclusionary rule. *See United States v. Allen*, 625 F.3d 830, 840 (5th Cir. 2010), *cert. denied*, 132 S. Ct. 1632 (2012).  As the district court determined, the officers acted in good faith in executing the search warrant.  *See id.*

Moreover, the district court found credible the officers' testimony that McMillen's wife consented to the search before they entered the trailer.  This determination by the district court is entitled to deference.  *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).  Accordingly, the district court did not err in denying McMillen's motion to suppress evidence.  *See Zavala*, 541 F.3d at 573-74.

As to his motion to suppress statements, McMillen argues that he made an "unambiguous and unequivocal" invocation of his right to counsel at the beginning of the interrogation.  Because his invocation was ignored by Officer Giroux, McMillen contends that his statements should have been suppressed.

3

No. 11-60575

At the suppression hearing, Officer Giroux testified that he immediately Mirandized[1] McMillen and that McMillen executed a waiver of rights form. Officer Giroux further testified that, although McMillen indicated that he had spoken to his attorney, he stated that he was willing to answer questions verbally. The district court accepted Officer Giroux's testimony instead of McMillen's testimony that he immediately invoked his right to counsel at the beginning of the interrogation. The district court relied on the waiver of rights form that McMillen admitted to signing at 9:10 a.m., which was at the beginning of the interrogation. It was not until the end of the interrogation, at 10:26 a.m., that McMillen invoked his right to counsel. McMillen has failed to show that the district court clearly erred in finding the statements made between 9:10 a.m. and 10:26 a.m. to be admissible. *See United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). Accordingly, the judgment of the district court is AFFIRMED.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).