# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50131
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO CESAR HERRERA CANO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-177-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Herrera Cano challenges his conviction for being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5), asserting the court erred in denying his motion to suppress evidence seized from his residence. Cano claims the evidence should have been suppressed because: (1) Ana Valenzuela, his girlfriend, lacked authority to consent to the officers' entry

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

into his home; (2) he implicitly refused consent to the officers' entry; and (3) their subsequent protective sweep of his home was illegal.

When reviewing the denial of a motion to suppress evidence, factual findings are reviewed for clear error; the constitutionality of law-enforcement action, *de novo*. *E.g.*, *United States v. Perez*, 484 F.3d 735, 739 (5th Cir. 2007). "A finding is clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed." *United States v. Hernandez*, 279 F.3d 302, 306 (5th Cir. 2002) (internal quotation and citation omitted). And, the clearly-erroneous standard is particularly deferential where "denial of a suppression motion is based on live oral testimony . . . because the [district] judge had the opportunity to observe the demeanor of the witnesses". *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (quoting *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005)). Moreover, we must also view the evidence in the light most favorable to the prevailing party, in this case, the Government. *E.g.*, *United States v. Shabazz*, 993 F.2d 431, 434 (5th Cir. 1993).

First, the record reflects Valenzuela had actual authority to consent to the search, or at the very least, the officer had a reasonable belief she had common authority over the residence. *E.g.*, *United States v. Matlock*, 415 U.S. 164, 171 (1974) ("permission to search [may be] obtained from a third party who possesse[s] common authority over or other sufficient relationship to the premises or effects sought to be inspected"); *see also Illinois v. Rodriguez*, 497 U.S. 177, 186–87 (1990). Valenzuela called officers to the scene to help retrieve her belongings from inside the home. One of the officers was familiar with Valenzuela's living situation because he had been called to the residence in the past. He also knew she was Cano's girlfriend, and that she stored belongings in the house. Viewing this evidence in the light most favorable to the Government, the officers had a reasonable belief Valenzuela had common

No. 17-50131

authority over the residence and was, therefore, able to consent to their entry. *Shabazz*, 993 F.2d at 434; *Rodriguez*, 497 U.S. at 186.

Second, there is no indication Cano, who was present at the time of the entry, expressly refused the officers' permission to enter the residence. He asserts his "behavior while under stress of entry" sufficed to show "implicit refusal". Even assuming Cano did implicitly refuse consent, this would not render the officers' entry invalid; only the "express refusal of consent by a physically present resident" can override the consent of a cohabitant. *Georgia v. Randolph*, 547 U.S. 103, 120 (2006). He has therefore not shown the officers' entry violated his Fourth Amendment rights. *Id.*

Third, Cano claims that, because "the entry of the home was illegal, there [wa]s no basis for the protective sweep". But as noted *supra*, the officers legally entered his home.

AFFIRMED.