United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-30952

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY BRIAN GIBBS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, BARKSDALE, and CLEMENT, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Convicted pursuant to a conditional guilty plea for possession of a firearm by a convicted felon, Timothy Brian Gibbs appeals the denial of his suppression motion. Following an evidentiary hearing before a magistrate judge, the district court adopted the magistrate judge's recommendation that Gibbs' Fourth Amendment right against unreasonable search and seizure was not violated, because the searching officers relied in good faith on a facially valid warrant, even though the supporting affidavit, prepared by one of the officers involved in the search, had been lost prior to the hearing. **AFFIRMED.**

I.

In September 2003, the Sheriff's Department for Caddo Parish, Louisiana, executed a search warrant for drugs and other paraphernalia at Gibbs' residence. The police found marijuana and two firearms. Gibbs was advised of his **Miranda** rights; waived them; and confessed to selling marijuana and owning the firearms.

Charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Gibbs moved to suppress the evidence and statements obtained from the search. He maintained: his statements were involuntary; and the search violated his Fourth Amendment rights because insufficient facts were alleged in the underlying affidavit for the warrant to be supported by probable cause.

According to the suppression-hearing testimony of the affiant for the supporting affidavit, Agent Bailey with the sheriff's department, there were two warrants and three affidavits in connection with the search. The Agent testified as follows.

The first affidavit he provided to the issuing state judge as the basis for the search warrant contained evidence of *two* supervised drug buys out of Gibbs' home. Prior to executing the warrant, however, the Agent realized the street numbers for Gibbs' address had been transposed on the warrant. As a result, Agent Bailey did not execute that warrant; he shredded it and the underlying affidavit.

2

The Agent then prepared a new affidavit (second affidavit), again detailing two drug buys, and submitted it to the same state judge, who signed a second search warrant. Agent Bailey executed that second warrant and, during the search, found the two firearms and marijuana.

Agent Bailey placed the second affidavit "somewhere in evidence"; subsequently, the affidavit was "lost". Upon the Agent's being notified that the second affidavit was needed as evidence, he could not find it. Nor could he produce a copy; the computer on which the information for that affidavit was stored had "crashed" during a thunderstorm. As a result, and using available police reports, the Agent "reconstructed" the lost second affidavit.

This third affidavit (reconstructed affidavit) was not an exact reproduction of the lost second affidavit, however. It did not contain a report of both alleged drug buys at Gibbs' house because Agent Bailey could not find the police reports detailing one of those buys, and he did not want to commit perjury by guessing its date.

The Agent submitted the reconstructed affidavit to the Government without explanation. Prior to the suppression hearing, the Government, believing the reconstructed affidavit was a true copy of the second affidavit, provided a copy of the reconstructed affidavit to Gibbs, who attached it to his suppression motion.

Gibbs and the Government agreed to stipulate to the affidavit's authenticity.

On the day of the suppression hearing, however, Agent Bailey informed the Government that the reconstructed affidavit was *not* a copy of the second affidavit. Accordingly, the Government could no longer stipulate to its authenticity and informed Gibbs. On the other hand, the second, facially valid, executed search warrant, signed by the state judge and issued pursuant to the lost second affidavit, was in evidence at the hearing.

The hearing was conducted by a magistrate judge for recommended disposition by the district judge. *See* 28 U.S.C. § 636(b)(1)(B) (when designated, magistrate judge may conduct evidentiary hearing and make recommended disposition). For ruling on a contested search made pursuant to a warrant, an alternative test is employed, as more fully discussed *infra*. First, the court determines "whether the good-faith exception to the exclusionary rule applies"; if it does not, it must ascertain "whether the warrant was supported by probable cause". **United States v. Laury**, 985 F.2d 1293, 1311 (5th Cir. 1993). The good-faith exception is applied unless: the issuing-judge was "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; the issuing-judge "wholly abandoned his judicial role" in such a manner that "no reasonably well trained officer should rely on the warrant";

4

the warrant was "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or the warrant was facially invalid. *United States v. Leon*, 468 U.S. 897, 923 (1984) (internal quotation marks omitted). After hearing testimony by Agent Bailey and Gibbs, the magistrate judge called for supplemental briefing on "the effect of not knowing what the evidence was that was offered in support of the warrant, [the second affidavit,] when all we have is the warrant itself".

In his supplemental brief, Gibbs reiterated his pre-hearing assertions: the second affidavit did not provide probable cause for a warrant; and his statements at the time of his arrest were involuntary. Concerning the alternative test for ruling on a contested search made pursuant to a warrant, Gibbs contended: because, at the suppression hearing, he had shown by a preponderance of the evidence that Agent Bailey had *not* acted in good faith in relying on the warrant, the burden had shifted to the Government to prove the sufficiency of the lost second affidavit; and the Government had already failed this burden because, at the hearing, the magistrate judge had concluded he could not determine the exact contents of that affidavit.

In its supplemental brief, the Government maintained: Agent Bailey's testimony, in conjunction with the state judge's signing the warrant, proved the Agent acted in good faith in executing it;

5

and, in the alternative, having the second affidavit was not necessary to prove the warrant was supported by probable cause because Agent Bailey's credible testimony was enough to establish such cause.

In his report and recommendation (report) issued after the supplemental briefs were received, the magistrate judge stated it was credible that Agent Bailey participated in two controlled drug buys from Gibbs' residence, but the Agent's testimony about the handling of the search-warrant paperwork was "*so equivocal and contradictory* that the court [could not] rely upon it to determine whether the search warrant applications contained information about *one or both of the drug buys*". (Emphasis added.)  In any event, pursuant to the first part of the alternative test, the magistrate judge recommended that the Agent executed the warrant in good faith because:  (1) the absence of an affidavit to support an executed warrant does not invalidate it when "other evidence [can] be presented to establish the fact that an affidavit was presented, as well as its contents", **United States v. Lambert**, 887 F.2d 1568, 1571-72 (11th Cir. 1989); (2) the Agent testified credibly that an application for a search warrant, containing an affidavit describing at least one undercover drug buy, was presented to the state judge before he signed the warrant; and (3) there was no evidence that the Agent was acting in anything other than good faith reliance on the warrant.  Because he recommended the good-

faith exception applied, the magistrate judge did not reach the alternative, probable cause issue. *See Laury*, 985 F.2d at 1311. (The magistrate judge also recommended that Gibbs' post-arrest statements were given voluntarily. Gibbs does *not* contest this.)

Gibbs filed an objection to the report, contending: because the second affidavit was missing, there was no valid warrant; and it was the Government's burden to prove beyond a reasonable doubt there was no violation of Gibbs' Fourth Amendment rights, *not* Gibbs' burden to prove there was one. After reviewing Gibbs' objections, the district court on 9 September 2004 adopted the report and denied the motion to suppress.

Gibbs entered a conditional guilty plea that day, reserving the right to appeal the denial of the suppression motion. He was sentenced, *inter alia*, to 30 months' imprisonment.

## II.

When reviewing the district court's denial of a suppression motion, we review conclusions of law *de novo* and findings of fact for clear error; the evidence is viewed in the light most favorable to the prevailing party. *E.g.*, *United States v. Dortch*, 199 F.3d 193, 197 (5th Cir. 1999). On deciding whether to accept a magistrate judge's recommended disposition of a suppression motion, the district court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made". *United States v. Raddatz*, 447 U.S. 667,

7

673 (1980) (emphasis omitted). In doing so, the district court need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record. *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

"One of the most important principles in our judicial system is the deference given to the finder of fact who hears the live testimony of witnesses because of his opportunity to judge the credibility of those witnesses." *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005) (citations omitted). Similarly, we defer to the district court's acceptance of the magistrate judge's credibility recommendations, based on his having heard live testimony.

Again, our review of the denial of the suppression motion is conducted under an alternative test. Evidence obtained during the execution of a subsequently invalidated search warrant is *not* excluded *if* the officer executing the warrant relied on it in good faith. *Leon*, 468 U.S. at 922. Therefore, we determine first whether this exception applies; if it does, the inquiry ends. *Laury*, 985 F.2d at 1311. If good faith is not found, we next

determine "whether the warrant was supported by probable cause". *Id.* Accordingly, we first consider the good-faith exception.

In this regard, it bears repeating that the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved". *Leon*, 468 U.S. at 906. In other words, whether to apply the exclusionary rule is a separate inquiry from whether Fourth Amendment rights were violated. *Id.* Moreover, "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates". *Id.* at 916. In sum, when an officer executes a warrant *in good faith*, the deterrent effect of the exclusionary rule on that officer does not trump the costs of suppressing reliable physical evidence, even if the search is subsequently found violative of the Fourth Amendment. *Id.* at 913.

This is in part because an issuing-judge's probable cause determination, based on an underlying affidavit, is afforded "great deference". *Id.* at 914. Of course, such deference is "not boundless", *id.*; but, "where the officer's conduct is objectively reasonable, excluding the evidence will not further the ends of the exclusionary rule in any appreciable way". *Id.* at 919-20 (internal quotation marks omitted). Thus, "when an officer acting with objective good faith has obtained a search warrant from a judge ... and acted within its scope", the "officer cannot be expected to

9

question the magistrate's probable cause determination[;] ... [p]enalizing the officer for the [issuing-judge's] error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations". *Id.* at 920-21.

For the good-faith exception to apply, the executing-officer's reliance on the issuing-judge's probable-cause determination and the technical sufficiency of the warrant must have been objectively reasonable. *Id.* at 922. As discussed earlier, a reviewing court will defer to a judge's probable cause determination in signing a warrant, and therefore uphold an officer's good faith reliance on that warrant, unless: (1) the issuing-judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the issuing-judge "wholly abandoned his judicial role" in such a manner that "no reasonably well trained officer should rely on the warrant"; (3) the underlying affidavit is "bare bones" ("so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"); or (4) the warrant is "so facially deficient ... that the executing officers cannot reasonably presume it to be valid". *Id.* at 923.

Regarding these four factors, Gibbs does not contend either that the state judge "wholly abandoned" his judicial role in issuing the warrant or that it was not facially valid. Instead, he maintains that, in finding the good-faith exception applicable, the

10

district court erred, in the light of the other two disqualifiers: Agent Bailey was reckless or dishonest in preparing the affidavits; and there was no competent evidence showing the warrant was based upon more than a "bare bones" affidavit. Along this line, Gibbs concedes that a lost supporting affidavit does not invalidate a warrant if competent evidence exists to prove the affidavit's contents. *See* **Lambert**, 887 F.2d at 1571.

Gibbs contends that the district court clearly erred in finding that the Agent's testimony alone was sufficient to prove the second affidavit's contents. Gibbs claims: Agent Bailey's incredible testimony cannot stand; there is no other credible evidence concerning the second affidavit or its contents; and, without any proof of an underlying affidavit, the warrant is necessarily invalid. Gibbs further claims the district court erred in applying the good-faith exception because it is objectively unreasonable to conclude that, given the totality of the circumstances surrounding the Agent's actions regarding the affidavits, his testimony concerning their contents was credible; and the Agent may not contend he reasonably relied on the issuing-judge's probable cause determination for the warrant when it was the Agent who prepared, and swore to, the inadequate second affidavit.

The Government responds that the district court did not err in applying the good-faith exception. It maintains: the court

11

correctly found credible Agent Bailey's testimony about the contents of the second affidavit; the warrant was facially valid; by signing both the original and second warrant, the issuing-judge indicated the underlying affidavit provided sufficient probable cause; Agent Bailey relied on this facially valid second warrant in good faith; and, even if the second affidavit only evidenced one drug buy, it would not be "bare bones".

In the absence of allegations of judicial misconduct, "suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause". *Leon*, 468 U.S. at 926. As Gibbs recognizes, although the second affidavit is missing, this does not invalidate *per se* the search warrant; other evidence may be admitted to prove the affidavit's contents. *Lambert*, 887 F.2d at 1571. Here, such other-evidence is the testimony of the original affiant – Agent Bailey – and the reconstructed affidavit.

Employing the requisite deferential standard of review for credibility determinations based on the suppression hearing testimony, we hold the district court did not clearly err in concluding Agent Bailey testified credibly to: his participation in two drug buys from Gibbs' home; and the presence of evidence of at least one of those buys in the second affidavit submitted to the

12

issuing judge.  This credible testimony is sufficient to prove the existence and contents of an affidavit underlying the warrant.

Contrary to Gibbs' contentions:  an officer may rely in good faith on an issued-warrant based on an affidavit describing a single drug buy conducted by a confidential informant supervised by the affiant officer, *see* ***United States v. Foy***, 28 F.3d 464, 474 (5th Cir.), *cert. denied*, 513 U.S. 1031 (1994); and the Agent could rely in good faith on a warrant issued pursuant to an affidavit to which he swore, *see* ***United States v. Cherna***, 184 F.3d 403, 414 (5th Cir. 1999), *cert. denied*, 529 U.S. 1065 (2000); ***Foy***, 28 F.3d at 474.  The district court did not err in concluding that the record demonstrated the state judge "issued the warrant after reviewing an affidavit containing facts establishing at least a colorable case of probable cause".  We also hold that the district court did not clearly err in finding no evidence that Agent Bailey acted in "anything other than good faith in obtaining the warrant". (Because we hold Agent Bailey relied on the warrant in good faith, we need not reach the probable cause issue.  *See* ***Cherna***, 184 F.3d at 407; ***Laury***, 985 F.2d at 1311.)

### III.

For the foregoing reasons, the judgment is

***AFFIRMED.***

13