**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2013

Lyle W. Cayce
Clerk

No. 12-40293
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD ANGEL GONZALES, also known as Angel Ricardo Gonzales, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-801-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Richard Angel Gonzales entered a conditional guilty plea to being a felon in possession of a firearm and ammunition, and he was sentenced to 293 months of imprisonment. He appeals the denial of his motion to suppress the evidence. He argues that the warrantless search of his locked briefcase, which led to the discovery of the firearm, was illegal because the third party who consented to the search did not have actual or apparent authority to do so. He argues that the firearm should have been suppressed as the product of an illegal search and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any other evidence derived from that search, including any oral and written statements subsequently made by him, should have been suppressed as the fruits of the illegal search.

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Perez*, 484 F.3d 735, 739 (5th Cir. 2007) (citation omitted). A finding is clearly erroneous only if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Hernandez*, 279 F.3d 302, 306 (5th Cir. 2002). This standard is particularly deferential where "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citation and internal quotation marks omitted). In addition, we view the evidence "most favorably to the party prevailing below, except where such a view is inconsistent with the trial court's findings or is clearly erroneous considering the evidence as a whole." *United States v. Shabazz*, 993 F.2d 431, 434 (5th Cir. 1993).

Although warrantless searches are per se unreasonable under the Fourth Amendment, there are certain well-established exceptions to that warrant requirement. *See United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006). Voluntary consent provided by a person with authority to grant such consent is one such exception. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *United States v. Gonzales*, 121 F.3d 928, 938 (5th Cir. 1997), *overruled on other grounds, United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010). Valid consent from a third party, rather than from the person whose property was seized, requires proof that "the third party had either actual or apparent authority to consent." *Gonzales*, 121 F.3d at 938.

The district court found that the testimony set forth at the suppression hearing established that Gonzales's girlfriend, Maribel Duran, had actual and

apparent authority to consent to the search of the locked briefcase. That finding was supported by the evidence that, inter alia, Gonzales had been living at Duran's apartment for about a month, keeping clothes and receiving mail there; that he kept the briefcase in a shared bedroom; that he had given Duran the combination to the briefcase; and that he left the briefcase at the apartment when he spent time away. Gonzales has not demonstrated that the district court erred by concluding that Duran had authority to consent. *See Gonzales*, 121 F.3d at 938; *Shabazz*, 993 F.2d at 434. Consequently, the judgment is AFFIRMED.