# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41531
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-463-4

Before DAVIS, BENAVIDES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Omar Gonzalez pleaded guilty to conspiracy to possess with intent to distribute 1,000 pounds or more of marijuana. Gonzalez's guilty plea was conditional under Federal Rule of Criminal Procedure 11(a)(2), and he now exercises the right he reserved to appeal the denial of his motion to suppress statements made after he invoked his right to counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement's action de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). "Factual findings are clearly erroneous only if a review of the record leaves this [c]ourt with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation marks and citation omitted). The clearly erroneous standard is particularly deferential where "denial of a suppression motion is based on live oral testimony." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). In addition to deferring to the district court's factual findings, this court must view the evidence in the light most favorable to the prevailing party. *Id*.

Gonzalez fails to demonstrate that the magistrate judge's credibility determinations, which were adopted by the district court, are clearly erroneous. In the first instance, testimony is not incredible as a matter of law unless "it relates to facts that the witnesses could not possibly have observed or to events which could not have occurred under the laws of nature." *United States v. Valdez*, 453 F.3d 252, 257 (5th Cir. 2006) (citation and internal quotation marks omitted). The testimony that Gonzalez argues is incredible is not incredible as a matter of law. As for any purported discrepancies within or between the testimony of the agents who interviewed Gonzalez, the magistrate judge was in the best position to observe the agents and resolve the purported conflicts. *United States v. Turner*, 674 F.3d 420, 433 (5th Cir. 2012) (noting that the district court would have been aware of inconsistency and other factors not apparent from the appellate record). Moreover, this court has held that a possible conflict in a witness's testimony, standing alone, "is not a sufficient basis upon which to conclude that the district court clearly erred in crediting

the [witness's] testimony." *Id.* Finally, Gonzalez cites no authority that holds that an agent's failure to record an interview necessarily undermines the agent's credibility.

Given the magistrate judge's credibility determinations, Gonzalez cannot establish that his decision to reinitiate contact with agents and waive his right to remain silent until counsel was provided was the product of police overreaching. Because there is no evidence that Gonzalez's confession was the product of threats, inducements, or psychological pressure, the district court did not err in finding Gonzalez's *Miranda* waiver voluntary and denying the motion to suppress on that basis. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

Gonzalez did not argue below that "[a]s a constitutional safeguard against coerced confessions, the district court must suppress confessions that are not audio or video recorded where the defendant alleges in a motion to suppress that his confession was coerced by police." We therefore review for plain error only. *United States v. Peltier*, 505 F.3d 389, 391- 92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Because he cites no controlling precedent in support of his position, we cannot conclude that the district court plainly erred. *See United States v. Ramos Ceron*, 775 F.3d 222, 226 (5th Cir. 2014) (holding that a defendant cannot demonstrate clear or obvious error in the "absence of case law unequivocally supporting" a position on appeal).

AFFIRMED.