# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-30293

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EZEQUIEL LANDAVERDE-CASTILLO,

Defendant - Appellant

_____

consolidated with 17-30294

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID DIAZ, JR.,

Defendant - Appellant

————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-234-1
USDC No. 5:15-CR-234-2

————

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2018

Lyle W. Cayce
Clerk

No. 17-30293 c/w No. 17-30294

PER CURIAM:*

Ezequiel Landaverde-Castillo and David Diaz, Jr., challenge their convictions on drug offenses arguing that the district court should have suppressed evidence obtained after a Louisiana state trooper pulled them over for driving in the left-hand lane. We AFFIRM.

## I.    Background

Landaverde-Castillo and Diaz were charged in a two-count indictment with conspiracy to possess with intent to distribute one kilogram or more of heroin and possession with intent to distribute one kilogram or more of heroin. The charges followed a traffic stop in Bossier Parish, Louisiana, of a vehicle occupied by both men; Landaverde-Castillo owned the vehicle and consented to a search, and both men were subsequently arrested. Prior to trial, Landaverde-Castillo and Diaz moved to suppress all evidence and statements obtained as a result of the warrantless stop and search, arguing that there was no reasonable suspicion or probable cause to believe that they were involved in illegal activity or had committed a traffic violation.

At the suppression hearing, the Government presented its evidence about the initiation of the stop primarily through Louisiana State Trooper George Strickland. Strickland, a nine-year veteran, testified that the vehicle in question, a Nissan, was traveling in the left-hand lane in violation of Louisiana law. *See* LA. STAT. ANN. § 32:71(B)(1)(a). After observing the continued travel in the left lane, Strickland initiated a traffic stop, and the Nissan pulled over.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Strickland exited his patrol unit and approached the Nissan. After speaking to both the driver (Diaz) and his passenger (Landaverde-Castillo) about their travel itinerary, Strickland called for backup from another trooper. A subsequent consent search of the Nissan led to the discovery of two hidden compartments which contained 18 packages of heroin.

On cross-examination, the defendants' attorneys pressed Strickland on the details leading up to the stop. Additionally, Landaverde-Castillo testified that as Diaz drove along I-20 in Bossier Parish, their vehicle had been in the right-hand lane. At some point, Landaverde-Castillo saw a car parked off the side of the road; he did not recognize the car to be a law enforcement vehicle, and the car's headlights and taillights were not on. Landaverde-Castillo directed Diaz to move into the left-hand lane, and Diaz did so prior to passing the parked car. Immediately after they passed the parked car, Landaverde-Castillo testified, they "tried to get on the right-hand side lane, but the trooper was going next to [them] and . . . was not letting [them] move over to the right lane." They "did not have any opportunity" to safely move back into the right-hand lane before the trooper activated his overhead lights.

Following the hearing, Landaverde-Castillo and Diaz submitted supplemental memoranda, in which they urged the court to credit Landaverde-Castillo's testimony over Strickland's testimony. The defendants argued that only Landaverde-Castillo's testimony was consistent with the undisputed fact that the traffic stop occurred over two miles of interstate. The stop could not possibly have been completed in that short a distance, they asserted, given Strickland's estimated measurements and the laws of physics. The defendants also argued that Strickland's conduct created the alleged traffic violation because Diaz did not have any opportunity to move back into the right-hand lane.

3

No. 17-30293 c/w No. 17-30294

The magistrate judge issued a report and recommendation to deny the motions to suppress. With respect to the traffic stop, the magistrate judge determined that the first prong of the *Terry*[1] framework was satisfied, i.e., Strickland's action of stopping the vehicle was justified at its inception. The magistrate judge found that Strickland had probable cause to believe that the Nissan was traveling in the passing lane of the interstate in violation of Louisiana law.

Landaverde-Castillo and Diaz each objected to the report and recommendation. The district court, however, concurred with the magistrate judge's findings and reasoning and denied the motions to suppress.

Pursuant to written plea agreements, Landaverde-Castillo and Diaz pleaded guilty to the conspiracy offense, reserving the right to appeal the denial of their respective motions to suppress. Landaverde-Castillo and Diaz now appeal.

## II.    Standard of Review

On appeal from the denial of a motion to suppress evidence, this court "reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). In reviewing for clear error, this court views the evidence in the light most favorable to the prevailing party (here, the Government), *see United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010), and must defer to the district court's factual findings unless there is "a definite and firm conviction that a mistake has been committed," *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (quoting *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005)).  A district court properly defers to the magistrate judge's credibility determinations when those determinations are supported by the record.  *Id.*

### III.    Discussion

Both defendants attack the district court's decision denying suppression.  Each argues that Strickland lacked objectively reasonable suspicion to stop them because they did not travel in the left-hand lane in violation of Louisiana law.  Their primary attack is that the district court should not have credited Strickland's testimony about how long he watched them drive because his account defies the laws of physics.

The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968).  *See United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004).  This appeal focuses solely on the first *Terry* prong—whether Strickland's decision to conduct a stop of the Nissan was justified at its inception.  *See id.*  "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle."  *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).  "[R]easonable suspicion exists when the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure."  *Id.*  A traffic stop is justified when an officer observes a violation of traffic laws.  *Whren v. United States*, 517 U.S. 806, 810 (1996); *see, e.g., United States v. Khanalizadeh*, 493 F.3d 479, 482 (5th Cir. 2007) (per curiam).

Here, the evidence used to justify the stop was Strickland's testimony that he saw the defendants' vehicle driving in the left-hand lane without any valid reason in violation of Louisiana traffic laws.  *See* LA. STAT. ANN.

§ 32:71(B)(1)(a). He testified that he saw the Nissan pass him in the left-hand lane, waited to see if it would return to the right-hand lane, and then initiated a traffic stop after it did not. The district court credited his testimony over the defendants' later testimony.

We do not "casually disturb" a district court's credibility finding. *United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992). We will, however, intervene and "declare testimony incredible as a matter of law, 'when testimony is so unbelievable on its face that it defies physical laws . . . .'" *Id.* (ellipses in original) (quoting *United States v. Lindell*, 881 F.2d 1313, 1322 (5th Cir. 1989)). On the other hand, if the issue comes down to a credibility dispute, we defer to the trial judge. *See United States v. Gillyard*, 261 F.3d 506, 509 (5th Cir. 2001).

Landaverde-Castillo and Diaz maintain that the magistrate judge's and the district court's credibility determinations were clearly erroneous because "Strickland's testimony irreconcilably conflicts with the unerring laws of Newtonian physics." To attack Strickland's testimony, Landaverde-Castillo and Diaz read it narrowly and literally. They offer various mathematical calculations regarding time, distance, and speed in an attempt to undermine the sequence of events to which Strickland testified. However, their arguments overlook the basic fact that Strickland did not provide precise measurements. Rather, he gave estimates regarding the sequence of events, and he clearly testified that he observed the cited traffic violation. Strickland offered only approximate figures regarding the distance that the Nissan traveled before he entered the interstate, the distance it took him to catch up to the Nissan, and the total distance from his parked location to the traffic stop location. He repeatedly hedged his estimates with statements like, "I don't

know" and "maybe." None of his conclusions about the traffic violation depended on the precision of the estimates he gave.

More importantly, the magistrate judge did not have to take literally everything that Strickland said in order to credit the part of his testimony that mattered: that he witnessed the defendants drive in the left-hand lane after giving them enough time to return to the right-hand lane. Even assuming Strickland mistakenly estimated the distance the defendants traveled before he pulled out, that does not mean the magistrate judge had to discredit all of his other testimony. Strickland testified that he gave the Nissan "ample time" to safely move back to the right-hand lane. The magistrate judge observed the demeanor of the competing witnesses and believed Strickland's testimony. The defendants have not shown that this court should disturb that credibility finding. *See Gibbs*, 421 F.3d at 357; *Casteneda*, 951 F.2d at 48.

For the same reasons, Diaz's argument that the magistrate judge and the district court clearly erred in finding that Strickland gave the driver "plenty of time" to merge back into the right-hand lane also fails. Although Landaverde-Castillo testified that the trooper immediately drove alongside the Nissan and did not give Diaz enough room to move into the right-hand lane, the magistrate judge and the district court chose to credit Strickland's testimony over Landaverde-Castillo's. Such a credibility determination cannot be clear error. *See Gillyard*, 261 F.3d at 509.[2]

---

[2] Landaverde-Castillo argues that Strickland "created" the circumstances justifying the stop by driving so that he and Diaz could not return to the right-hand lane. He cites only the dissent in *United States v. Escalante* for support. 239 F.3d 678, 681–83 (5th Cir. 2001) (Stewart, J. dissenting). Unlike the evidence in that case, Strickland testified that he observed the cited traffic violation, and he then entered the interstate. Therefore, even if the dissent in *Escalante* were the controlling opinion and correctly identified a Fourth Amendment violation, this case falls outside its reasoning.

Because Landaverde-Castillo's and Diaz's arguments do not suffice to permit a "definite and firm conviction" that the district court erred in crediting Strickland's testimony, this court is bound to defer to the district court's decision. *See Scroggins*, 599 F.3d at 440. Considering the relevant part of Strickland's testimony, which was based on his observations, there were specific and articulable facts that reasonably warranted the stop of the Nissan in light of governing state law. *See Lopez-Moreno*, 420 F.3d at 430. Accordingly, viewing the evidence in the light most favorable to the Government, we conclude that the district court did not reversibly err in denying the motions to suppress.

AFFIRMED.