# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30085
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE D. BASTARDO-VILLANUEVA,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-176-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose D. Bastardo-Villanueva challenges the judgment and sentence of 48-months' imprisonment, imposed after he entered a conditional guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (a)(1). Bastardo claims the court erred in denying his motion to suppress evidence seized from his rental vehicle after a traffic stop because: (1) the use of a dog sniff impermissibly extended the length of the traffic stop beyond its

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30085

original purpose; (2) the officer did not have a reasonable suspicion of criminal activity to extend the stop; and (3) the officer did not have a valid consent to search the vehicle.

In reviewing the denial of a suppression motion, in this instance through a detailed and comprehensive order, "we review factual findings for clear error, and the ultimate constitutionality of law enforcement action *de novo*". *United States v. Zuniga*, 860 F.3d 276, 280 (5th Cir. 2017). "Factual findings are clearly erroneous only if a review of the record leaves this [c]ourt with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (internal quotation omitted).

The clearly erroneous standard is particularly deferential where, as here, "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses". *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation omitted). Moreover, in addition to deferring to the court's factual findings, the evidence must be viewed in the light most favorable to the prevailing party, in this instance, the Government. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). The district court's ruling may be upheld "on any basis established by the record". *Id.* (citing *United States v. Charles,* 406 F.3d 402, 405 (5th Cir. 2006)).

The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). First examined is whether the initial official action was justified; second, whether the subsequent action was reasonably related in scope either to the circumstances that justified the stop or to dispelling a reasonable suspicion that developed during the stop. *Id.* at 506–07.

No. 17-30085

Bastardo does not dispute the initial stop was "arguably justified" based on probable cause to believe a traffic violation had occurred. The court pretermitted the issues of whether the dog sniff impermissibly extended the duration of the stop and whether Bastardo provided valid consent to search his vehicle. We need not address those issues, because this appeal is resolved by addressing Bastardo's challenge to the court's ruling the officer had reasonable suspicion to continue the traffic stop.

Regarding whether the officer who initiated the traffic stop had a reasonable suspicion to continue it, the record reveals the officer: (1) was a 12-year veteran of the sheriff's department, was assigned to the K-9 unit, and was traveling with his dog, which was trained to detect drugs; (2) was also a member of the task force with the Drug Enforcement Administration; (3) noticed Bastardo was so nervous his hand was visibly shaking to such an extent that he dropped his driver's license; (4) noticed Bastardo's rented vehicle was almost two days past the return date memorialized on the rental agreement and Bastardo was driving in the opposite direction of the drop-off location; and (5) doubted Bastardo's travel itinerary, which conflicted with his explanation that he wanted to save money and had been in Texas for the week prior. The record further reveals the officer had not obtained the results of his requested computer check and had not completed the initial purpose of the stop by issuing a citation prior to the use of the dog-sniff. Viewing these facts in the above-referenced requisite light most favorable to the Government, the officer had a particularized and objective basis to believe criminal activity was afoot. *Zuniga*, 860 F.3d at 280 (evidence viewed in light most favorable to prevailing party).

Furthermore, the length of the *Terry* stop was not impermissibly long. The 15 minutes that elapsed from the stop until the dog's positive alert on the

No. 17-30085

vehicle was reasonable, in the light of the officer's early formation of reasonable suspicion of criminal activity, and because the K-9 unit was already on the scene at the time of the initial stop. *Pack*, 612 F.3d at 345–46.

As Bastardo concedes on appeal, the dog's positive alert for the presence of narcotics provided sufficient probable cause to search Bastardo's vehicle, regardless of any subsequent consent. *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003). Accordingly, the court did not err in denying Bastardo's suppression motion. *Zuniga*, 860 F.3d at 280.

AFFIRMED.