# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40837
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:18-CR-124-1

Before DAVIS, SMITH and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joe Hernandez pleaded guilty to being a felon in possession of a firearm. He reserved the right to challenge the denial of a motion to suppress the gun found at his residence, a challenge he now raises on appeal. "When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). Evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is reviewed in the light most favorable to the prevailing party, here the Government. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). A district court's ruling on a motion to suppress "should be upheld 'if there is any reasonable view of the evidence to support it.'" *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (quoting *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc)).

At issue is whether a team of Deputy U.S. Marshals was justified in conducting a protective sweep of the premises when they arrested Hernandez at his home pursuant to an arrest warrant. "The protective sweep doctrine allows government agents, without a warrant, to conduct a quick and limited search of premises for the safety of the agents and others present at the scene." *United States v. Mendez*, 431 F.3d 420, 428 (5th Cir. 2005). The Supreme Court has recognized the lawfulness of sweeps supported by "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 334 (1990).

The record indicates the marshals who approached Hernandez's residence had information that he was a gang member and were aware that he was accused of a violent break-in and had been previously charged with manslaughter. When they announced their presence, his response was to barricade his front and back doors. Although Hernandez subsequently chose to submit to the marshals, the district court did not err in finding these circumstances sufficient to warrant a protective sweep. *Cf. United States v. Silva*, 865 F.3d 238, 242 (5th Cir. 2017). That marshals who testified at the motion hearing spoke of the sweep as "standard procedure" does not alter this, as subjective motivations are generally irrelevant to determining whether

actions are reasonable under the Fourth Amendment. *See United States v. Wallen*, 388 F.3d 161, 167 (5th Cir. 2004). The Supreme Court has given weight to subjective intent in only "a very limited subset of [its] Fourth Amendment cases," and no such case applies here. *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

AFFIRMED.