# United States Court of Appeals
## for the Fifth Circuit

No. 19-40488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERRY LYNN COLEMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-83-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jerry Lynn Coleman was convicted after a jury trial of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1), possessing with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a), and possessing a firearm in furtherance of a drug trafficking

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

crime in violation of 18 U.S.C. § 924(c).  He was sentenced to a total of 156 months in prison and five years of supervised release.

Prior to the parties submitting briefs in this appeal, Coleman moved in the district court to relieve appointed counsel and for the appointment of substitute counsel.  After briefing was completed in this case, the district court transferred the motion to this court, and based upon Coleman's motion, appointed counsel moves to withdraw.  Because neither Coleman nor counsel has shown that there is a conflict of interest or that the interests of justice require relief of counsel, we deny the motions.  *See* 18 U.S.C. § 3006A(c); Fifth Circuit Plan Under the Criminal Justice Act § 5(B).

On appeal, Coleman challenges the denial of his motion to suppress.  Specifically, he argues that the police had no legal basis for the initial traffic stop of his car and that the stop was unconstitutionally prolonged to search for evidence that was unrelated to the purpose of the original stop.

When reviewing a denial of a motion to suppress evidence, we review factual findings for clear error and conclusions of law de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).  The clearly erroneous standard is particularly deferential where, as here, "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses."  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).  In addition to deferring to the district court's factual findings, we view the evidence in the light most favorable to the prevailing party.  *See Pack*, 612 F.3d at 347.

In this case, the 911 caller who reported that Coleman was driving erratically was both identified and reliable, *see United States v. Gomez*, 623 F.3d 265, 269 (5th Cir. 2010), and the arresting officers subsequently observed Coleman driving left of center and making a wide turn.  The district

court therefore did not clearly err in determining that the officers had a reasonable suspicion that Coleman was driving while intoxicated and that the initial stop of his car was justified. *See Navarette v. California*, 572 U.S. 393, 396-404 (2014); *Gomez*, 623 F.3d at 269. Further, the duration of the traffic stop was not prolonged past what was necessary to dispel the reasonable suspicion giving rise to the stop because, as reflected by the videotape of the stop, law enforcement discovered marijuana in the car in plain view during the course of their investigation and prior to the completion of the requisite check on Coleman's license. *See Pack*, 612 F.3d at 350; *United States v. Brigham*, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc).

With respect to sentencing, Coleman contends the district court violated the Sixth Amendment by relying on acquitted conduct in imposing a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4). As he concedes, his claim is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997); he contends, however, that *Watts* was undermined by *United States v. Booker*, 543 U.S. 220 (2005). That claim is also foreclosed. *See United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006).

AFFIRMED; MOTIONS DENIED.