# United States Court of Appeals for the Fifth Circuit

No. 19-30593
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHELBY JUDE DARBY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-92-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Shelby Jude Darby entered a conditional guilty plea to possession of firearms following conviction of a felony, reserving his right to appeal the denial of his motion to suppress evidence obtained following a traffic stop on November 1, 2017. He now argues that the district court clearly erred in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30593

finding that Corporal Ricky Fontenot observed a window tint violation prior to effecting the stop and, therefore, the stop was not supported by reasonable suspicion.

In reviewing the denial of a motion to suppress evidence, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). A district court properly defers to the magistrate judge's credibility determinations when those determinations are supported by the record. *Id.*

Based on our review of the testimony and evidence presented at the suppression hearing, we are not persuaded that Fontenot's incident report, the dash camera footage, or any of the purported internal inconsistencies or memory lapses identified by Darby render Fontenot's testimony that he observed the window tint violation prior to stopping Darby's car incredible as a matter of law. *See United States v. Scott*, 892 F.3d 791, 797 (5th Cir. 2018) ("Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature.") (quotation marks and citations omitted.). Instead, the district court plausibly concluded that Fontenot's review of the map and the clarifying questions posed by the magistrate judge refreshed his recollection. *See United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008). Because the stop was supported by reasonable suspicion, the district court did not err in denying Darby's motion to suppress. *See Lopez-Moreno*, 420 F.3d at 430. Accordingly, the judgment of the district court is AFFIRMED.

2