# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2023

Lyle W. Cayce
Clerk

No. 22-60271
Summary Calendar

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏf Aᴍᴇʀɪᴄᴀ,

*Plaintiff—Appellee*,

*versus*

Jᴏʀᴅᴀɴ Rᴇsʜᴀʀᴅ Tʜᴏᴍᴀs,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:20-CR-10-1

---

Before Kɪɴɢ, Hɪɢɢɪɴsᴏɴ, and Wɪʟʟᴇᴛᴛ, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:*

Jordan Thomas was indicted for possession of a firearm by a felon in violation of Title 18 U.S.C. § 922(g)(1) after officers found a gun on him during a traffic stop. After unsuccessfully moving to suppress the evidence of the gun, Thomas pleaded guilty to the charge. The district court sentenced Thomas to a within-Guidelines sentence of 46 months' imprisonment and

---

* This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

No. 22-60271

three years' supervised release. The sole issue on appeal is whether the district court erred in denying Thomas's motion to suppress.

Thomas contends that the district court erred in denying his suppression motion because the Government, in bad faith, failed to preserve purportedly relevant evidence that it knew it had a duty to maintain. Thomas argues that the Government's actions violated both the doctrine of spoliation and his due process rights and thus warranted sanctions. He asks us to reverse the district court's suppression ruling or, in the alternative, remand the motion for rehearing with instructions that the district court draw adverse inferences against the Government. Because we find no error, we AFFIRM.

\*      \*      \*

In reviewing a motion-to-suppress ruling, we assess the district court's factual findings, including its bad-faith finding, for clear error and questions of law de novo. *United States v. Valadez*, 267 F.3d 395, 397 (5th Cir. 2001); *United States v. McNealy*, 625 F.3d 858, 868–69 (5th Cir. 2010). The decision whether to impose sanctions for spoliation is reviewed for abuse of discretion. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).

Thomas fails to show he is entitled to relief under the spoliation doctrine. "We permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of bad faith or bad conduct." *Id.* at 713 (citation and internal quotation marks omitted); *see also United States v. Glenn*, 935 F.3d 313, 320 (5th Cir. 2019). Beyond his bare accusation, Thomas fails to show that the unavailability of any evidence was because of intentional misconduct instead of oversight, error, ineptitude, or carelessness, *see Vick v. Tex. Emp. Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975), or that any items were deliberately lost, altered, or destroyed for the purpose of hiding adverse evidence or depriving him of its use. *See Guzman*, 804 F.3d at 713; *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000). The district court

No. 22-60271

considered testimony on why the evidence was unavailable and found credible the Government's explanation that the evidence was due to either administerial error or a misunderstanding. We defer to the district court's credibility finding. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

Thomas's claim that his due process rights were violated is likewise meritless. As with his spoliation claim, Thomas must establish that the Government acted in bad faith in failing to preserve the evidence or to make it available. *See Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988); *California v. Trombetta*, 467 U.S. 479, 488–89 (1984). Again, Thomas fails to satisfy this bad-faith requirement. He has not alleged or shown that the Government acted with "official animus" towards him or consciously sought to suppress exculpatory evidence. *Trombetta*, 467 U.S. at 488. No bad faith is otherwise apparent from the record. The Government's actions at worst may be described as negligent, which is insufficient to establish a due process violation. *See Youngblood*, 488 U.S. at 58; *Glenn*, 935 F.3d at 320.

AFFIRMED.