# United States Court of Appeals for the Fifth Circuit

---

No. 22-10306
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Austin Carl Thomas Riggins,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-273-1

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Austin Carl Thomas Riggins appeals his conditional guilty plea conviction for possession with intent to distribute five grams or more of methamphetamine. He argues that the district court erred by denying his motion to suppress evidence from a warrantless search triggered by a police officer's plain-view sighting of a syringe in his jacket pocket.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

In an appeal from the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual determinations for clear error. *United States v. Garcia-Lopez*, 809 F.3d 834, 838 (5th Cir. 2016). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010) (internal quotation marks and citation omitted). Evidence is viewed in the light most favorable to the prevailing party, and "the clearly erroneous standard is particularly strong" where, as here, the district court's ruling is based on live oral testimony. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). Specifically, the district court relied on the testimony of an officer and an emergency medical technician on the scene, both of whom the court deemed credible, as well as a body camera recording of Riggins's encounter with police that was narrated by these witnesses.

Riggins argues that the body camera recording of his encounter with police in fact contradicts the officer's testimony that the syringe in Riggins's jacket pocket was in plain view. He cites our prior holding that "[f]indings that are in plain contradiction of the videotape evidence constitute clear error." *United States v. Wallen*, 388 F.3d 161, 164 (5th Cir. 2004). Even if the body camera recording does not clearly show that the syringe was visible inside Riggins's pocket, we see nothing in the recording that plainly contradicts the district court's finding that the officer saw the syringe in plain view. In light of our deferential standard of review, we conclude that the district court did not clearly err in finding that the syringe was in plain view before the challenged warrantless search. *See Gomez*, 623 F.3d at 268; *Gibbs*, 421 F.3d at 357. The district court did not err in denying the motion to suppress.

AFFIRMED.