# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2023

Lyle W. Cayce
Clerk

_____

No. 23-40242
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Cerissa Lynette Sanders,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-32-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

Cerissa Lynette Sanders was convicted of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced her to 21 months of imprisonment and three years of supervised release.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Sanders appeals the district court's denial of her motion to suppress the firearm that was found during a search of her vehicle. We review "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). A factual finding is not clearly erroneous as long as it is "plausible in light of the record as a whole." *United States v. Bass*, 996 F.3d 729, 736 (5th Cir. 2021) (internal quotation marks and citation omitted). The clearly erroneous standard is particularly deferential where, as here, "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). Moreover, we must view the evidence in the light most favorable to the prevailing party, which in this case was the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

First, Sanders contests the legality of the traffic stop that occurred prior to the search of her vehicle. A traffic stop is only justified at its inception if the officer had an "objectively reasonable suspicion that some sort of illegal activity . . . occurred, or [was] about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). In general, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Relevant here, Texas law provides that a driver "facing only a steady red signal shall stop at a clearly marked stop line," and only after stopping, standing, and yielding may the driver turn right. Tex. Transp. Code Ann. § 544.007(d)(1).

The district court found that Sanders committed a traffic violation, which established probable cause for the seizure. The district court based its conclusion on one officer's "unequivocal[]" testimony that he "observed Sanders's car fail to stop at the designated point before entering the marked

crosswalk at the red light in question." Furthermore, the district court found that this testimony was consistent with the "incident report" and "photograph evidence." Finally, although recognizing Sanders's competing version of events, the district court concluded that it found the officer's testimony "more credible." Based on these factual determinations, the district court the detectives had probable cause to believe that Sanders violated the Texas Transportation Code and were justified in initiating the traffic stop. *See Whren*, 517 U.S. at 810; *see also United States v. Andres*, 703 F.3d 828, 832-33 (5th Cir. 2013). Although the record contains some evidence casting doubt on the officers' version of events, this Court cannot reverse "simply because it is convinced that it would have decided the case differently."[1]

---

[1] *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). In particular, the "photographic" evidence in the form of dash camera and body camera footage neither disproves nor corroborates the officers' statements. At best, it is neutral. Moreover, the officers first saw Sanders while she was legally parked in an apartment parking lot. Detective Villalvazo testified that he performed a computer check on Sanders's vehicle while parked in the lot. He further testified that, although the check indicated Sanders's license plate tags were expired, Sanders was within the statutory grace period to renew her license tags so that she had not yet committed a traffic infraction. However, he went on to explain that the officers waited in the lot and later followed Sanders to "wait to see for *another* violation." These statements are inconsistent and may have supported Sanders's assertion that she was not pulled over for a traffic infraction but for another reason, which she ascribed to racial profiling. Nonetheless, the trial judge had the opportunity to observe the witnesses' demeanors, and credibility determinations underlying findings of fact are afforded deference. *See United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010) ("A finding is clearly erroneous only if the court is left with a definite and firm conviction that a mistake has been committed . . . The clearly erroneous standard is particularly deferential where 'denial of the suppression motion is based on live oral testimony ... because the judge had the opportunity to observe the demeanor of the witnesses.'") (citations omitted).

No. 23-40242

Next, Sanders contests the legality of the search of her vehicle and the bag in which the firearm at issue was discovered. A warrantless search is presumptively unreasonable unless the circumstances fall under an exception to the Fourth Amendment's warrant requirement. *United States v. Guzman*, 739 F.3d 241, 245-46 (5th Cir. 2014). If law enforcement officials have probable cause to believe that a vehicle contains contraband, a warrantless search is permitted under the "automobile exception." *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). Moreover, this belief, when supported by probable cause, justifies the search of "every part of the vehicle and its contents that may conceal the object of the search." *California v. Acevedo*, 500 U.S. 565, 570 (1991) (internal quotation marks and citation omitted). Relevant here, the odor of marijuana emanating from a vehicle constitutes the requisite probable cause. *See United States v. Moore*, 329 F.3d 399, 405 (5th Cir. 2003); *see also United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999). Because the detective testified that he smelled marijuana coming from the vehicle, and this was corroborated by the body camera video, the detectives had probable cause to search the vehicle and the bag. *See Moore*, 329 F.3d at 405; *see also Ibarra-Sanchez*, 199 F.3d at 760. Because the odor of marijuana provided the necessary probable cause for the search, the Court need not address whether the officers performed a lawful inventory search.

The judgment of the district court is AFFIRMED.