# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-30610
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Michael Murphy,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-148-1

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant John Michael Murphy conditionally pleaded guilty to intent to distribute 50 grams or more of methamphetamine and was sentenced to 151 months of imprisonment. He argues that the district court erred in denying his motion to suppress evidence discovered during a pat down performed at the traffic stop that led to his arrest.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"When reviewing a denial of a motion to suppress evidence, [we] review[] factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). Evidence is viewed in the light most favorable to the prevailing party, and "the clearly erroneous standard is particularly strong" where the district court's ruling is based on live oral testimony. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). We will uphold a district court's ruling on a motion to suppress "if there is any reasonable view of the evidence to support it." *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (internal quotation marks and citation omitted).

Under *Terry v. Ohio*, 392 U.S. 1, 27 (1968), an officer conducting an investigatory stop may pat down a suspect for weapons if "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." During a *Terry* pat down, an officer may remove and seize an item based on a reasonable belief that it may pose a danger. *See United States v. Majors*, 328 F.3d 791, 795 (5th Cir. 2003). Moreover, in some circumstances an officer may seize other contraband. *Minnesota v. Dickerson*, 508 U.S. 366, 374 (1993). To this end, if an officer "feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons." *Id*. "[T]he dispositive question . . . is whether the officer who conducted the search was acting within the lawful bounds marked by *Terry* at the time he gained probable cause to believe that [the item] was contraband." *Id*. at 377.

"To have probable cause, it is not necessary that the officer know that the discovered [item] *is* contraband or evidence of a crime, but only that there be a practical, nontechnical probability that incriminating evidence is involved." *United States v. Turner*, 839 F.3d 429, 433 (5th Cir.

2

2016) (internal quotation marks and citations omitted) (addressing plain view doctrine). "When reviewing probable cause determinations, we consider the totality of the circumstances—including the officers' training and experience as well as their knowledge of the situation at hand." *Id.* (internal quotation marks and citations omitted).

To any extent that Murphy challenges the district court's finding that the pat down itself was constitutionally permissible, his argument fails. The officer who conducted the pat down articulated specific facts supporting a reasonable belief that Murphy could be armed and dangerous. *See Terry*, 392 U.S. at 27; *United States v. Michelletti*, 13 F.3d 838, 840–41 (5th Cir. 1994) (en banc).

Moreover, Murphy fails to show error in the district court's determination that it was constitutionally permissible for the officer to have a bag of methamphetamine removed from Murphy's pants during the pat down. In this regard, the record supports the district court's implicit finding that the officer had probable cause to believe that the object he felt in Murphy's pants was contraband. *See Dickerson*, 508 U.S. at 374, 377; *Turner*, 839 F.3d at 433.

AFFIRMED.