# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESELL LYNN HINOJOSA,

Defendant-Appellant

************************************************************************

Consolidated with 18-40312

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE AMANDO GARCIA-GONZALEZ, also known as Jose Armando Garcia-Gonzales,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-507-2
USDC No. 5:17-CR-507-1

No. 18-40178
c/w No. 18-40312

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jesell Lynn Hinojosa and Jose Amando Garcia-Gonzalez entered conditional guilty pleas to conspiracy to transport an undocumented alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I), reserving the right to appeal the district court's denial of their motions to suppress the evidence of alien smuggling discovered during an investigatory vehicle stop initiated by a United States Border Patrol agent. "When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

In the context of a roving border patrol, agents "may detain vehicles for investigation only if they are aware of specific, articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle is involved in illegal activities," such as transporting undocumented aliens. *United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013) (internal quotation marks and citation omitted). The factors to be considered include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) the driver's behavior; (6) particular characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers in the vehicle and their appearance and behavior. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40178
c/w No. 18-40312

The first factor, proximity to the border, is a "paramount factor." *Garza*, 727 F.3d at 441 (internal quotation marks and citations omitted). A vehicle's location within 50 miles of the border creates "a stand-alone inference that the vehicle's journey originated at the border." *United States v. Soto*, 649 F.3d 406, 409 (5th Cir. 2011). In this case, the agent first observed the vehicle approximately three miles north of the border. Further, the area's characteristics and the agent's information contributed to reasonable suspicion because the agent testified that he knew Highway 83 was a common route for smuggling. *See United States v. Hernandez*, 477 F.3d 210, 211-12 (5th Cir. 2007). The agent's experience also contributed to reasonable suspicion in this case because he was a nine-year veteran of the Border Patrol whose experience consisted almost entirely of patrols of Highway 83. *See United States v. Ramirez*, 839 F.3d 437, 440 (5th Cir. 2016); *United States v. Chavez-Chavez*, 205 F.3d 145, 149 (5th Cir. 2000).

The district court determined that the driver's behavior, including looking at the agent in the rearview mirror, did not contribute to reasonable suspicion. *See United States v. Moreno-Chaparro*, 180 F.3d 629, 632 (5th Cir. 1998). Further, the stiff body language of the passengers did not contribute to reasonable suspicion. *See United States v. Rangel-Portillo*, 586 F.3d 376, 381 (5th Cir. 2009). However, the driver's unusually low speeds contributed to reasonable suspicion. *See United States v. Zapata-Ibarra*, 212 F.3d 877, 883-84 (5th Cir. 2000). The court's factual finding that the vehicle was driving 60 miles per hour in a 75 mile-per-hour zone is not clearly erroneous when viewed with deference to the district court and in favor of the prevailing party. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

Finally, the characteristics of the vehicle—dirty, bearing handprints on the trunk, and laden in the back—contributed to reasonable suspicion. *See*

No. 18-40178
c/w No. 18-40312

*United States v. Orozco*, 191 F.3d 578, 582 (5th Cir. 1999).  To the extent that Hinojosa challenges the district court's factual findings on this point, the clearly erroneous standard is particularly deferential where, as herein, "denial of a suppression motion is based on live oral testimony."  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted).  Moreover, as the finder of fact, the district court was "free to choose among reasonable constructions of the evidence."  *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and citation omitted).  Further, while an innocent citizen may also drive a dirty car with handprints on the trunk, the characteristics of the vehicle, when combined with the heavy trunk area and the other factors observed by the agent, provided a "composite picture" sufficient to create reasonable suspicion in his mind.  *United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001).

Accordingly, the district court's denial of the motions to suppress is AFFIRMED.