IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-50112

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JEFFREY CRAIG MORROW, also known as Jeffrey Morrow, also known as Jeffrey C. Morrow,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-626-1

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jeffery Morrow was convicted of seven counts of receipt, possession, and distribution of child pornography based on evidence seized during a search of his home. He claims that this evidence was seized in violation of his Fourth Amendment rights. Because the good-faith exception to the Fourth

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50112

Amendment's exclusionary rule applies, we AFFIRM the district court's denial of his suppression motion.

I

Between August 2015 and February 2016, federal investigators used peer-to-peer file-sharing software to download child-pornography images and videos from a network Internet Protocol (IP) address. Investigators contacted the internet service provider and learned that Jeffery Morrow was associated with the subscriber account for that IP address during those dates and that the account was registered to his residence in San Antonio, Texas.

Based on this information—contained in Special Agent A. Juarez's affidavit—a magistrate judge issued a search warrant in August 2016 to search the San Antonio residence. During the search, law-enforcement officers seized computers and electronic storage devices containing child pornography. Morrow was charged with seven counts of receipt, possession, and distribution of child pornography.

Morrow moved to suppress this evidence. He argued that the download information could not support probable cause for the search because the information was outdated, and that Special Agent Juarez's affidavit misled the magistrate judge by erroneously referring to "a computer" instead of a network when discussing the IP address and by not explaining that electronic devices are mobile and interchangeable. The magistrate judge disagreed. In a report and recommendation, the magistrate judge found that the good-faith exception applied and that, "[g]iven the totality of [the] circumstances, including all the investigative evidence connecting the target IP address with child pornography and Morrow," a "sufficient basis" existed "to find probable cause for the search, notwithstanding any error or omission in the affidavit involving how investigators came upon Morrow's IP address." The district court adopted the

No. 19-50112

report and recommendation. The court found that the information in the warrant affidavit was not stale, and that neither the statements about a "computer" nor the allegedly omitted details misled the magistrate judge. The district court therefore found that the magistrate judge rightly concluded that the good-faith exception applied. Accordingly, the district court denied Morrow's motion to suppress. Morrow appeals.

II

We review the district court's factual findings for clear error and questions of law de novo. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). When reviewing the denial of a suppression motion, we view the record evidence in the light most favorable to the prevailing party below, *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014), and will affirm that court's decision if "any reasonable view of the evidence" supports it. *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quoting *United States v. Register*, 931 F.2d 308, 312 (5th Cir. 1991)).

III

To determine whether the Fourth Amendment's exclusionary rule applies, we ask whether the good-faith exception applies, and if not, whether the warrant was supported by probable cause. *United States v. Mays*, 466 F.3d 335, 342–43 (5th Cir. 2006) (citing *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993)). If it applies, that usually ends the inquiry—we need not address whether probable cause existed unless the case presents a "novel question of law," the resolution of which will guide future law-enforcement officers and magistrate judges. *Laury*, 985 F.2d at 1311 (quoting *Illinois v. Gates*, 462 U.S. 213, 264 (1983) (White, J., concurring)).

Under the good-faith exception, "where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the

No. 19-50112

information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002). This is so unless one of four conditions is met: (1) the magistrate judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the magistrate judge "wholly abandoned his judicial role" such that "no reasonably well[-]trained officer should [have] rel[ied] on the warrant"; (3) the affidavit underlying the warrant was "bare bones"—i.e., it was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"—or (4) the warrant was so facially deficient that the executing officers could not have reasonably presumed it was valid. *United States v. Gibbs*, 421 F.3d 352, 358 (5th Cir. 2005) (quoting *United States v. Leon*, 468 U.S. 897, 923 (1984)).

Morrow argues that the first and third conditions apply here. He argues that (1) the information supporting the warrant had become stale; (2) Special Agent Juarez's statements in the warrant affidavit about "a computer" misled the magistrate judge; (3) Special Agent Juarez misled the magistrate judge by omitting information about the "fungibility, mobility, and interchangeability of devices" used to download files from the internet; and (4) absent these intentional or reckless errors, the affidavit was "bare bones" such that the magistrate judge would not have had probable cause to issue the search warrant. These arguments are unavailing.

A

The six-month gap between when investigators downloaded the illicit files from Morrow's IP address and when the warrant issued does not make that information stale. We have allowed much longer delays in similar cases. *See, e.g., United States v. Allen*, 625 F.3d 830 (5th Cir. 2010) (holding that

eighteen-month-old information was not stale in child-pornography case). This is because child-pornography crimes are "generally carried out in the secrecy of the home and over a long period [of time]; therefore[,] the same time limitations that apply to more fleeting crimes [like selling illegal drugs] do not apply." *Id.* at 843 (citing *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009)). The information is, therefore, not stale.

Morrow identifies nothing to make us doubt this. He complains that the affidavit incorrectly classified him as someone who collects child pornography and is sexually attracted to children even though he does not own a subscription to a child-pornography service and is not a "hoarder" of such material. This classification, he claims, misled the magistrate judge because, presumably, the magistrate judge would have otherwise thought the information was stale. We disagree. He is quibbling with what volume or frequency someone must amass child pornography before they are deemed to "collect" it. But our staleness rules for child-pornography cases do not except dabblers. Thus, this argument fails.

B

Even if Special Agent Juarez's affidavit incorrectly describes "a computer" or leaves out a detail about the nature and mobility of electronic devices, Morrow fails to show that Special Agent Juarez included these statements intentionally or with reckless disregard for the truth. But more importantly, Morrow fails to show that they misled the magistrate judge. The affidavit stated that files were downloaded from the network IP address for a specific residence. Investigators confirmed that Morrow was associated with the internet account for that IP address and that Morrow lived at that residence. Based on that information, investigators obtained a warrant to search Morrow's residence for evidence of child pornography. They

unsurprisingly found such evidence. The alleged errors do not affect the legitimacy of this process.

The magistrate judge did not need to be told that electronic devices are often small and portable or that they might have been moved from the residence. An affidavit that fails to point out the obvious is not misleading. This information was unnecessary to the magistrate judge's probable-cause finding for the same reason that the information of these downloads is not stale—child-pornography crimes often occur over a long period of time, and as the affidavit points out, those who download such material often keep it for many years. The affidavit did not need to state obvious facts for the magistrate judge to find probable cause for the search.

Morrow's claim that the affidavit misleadingly conflates a computer IP address with a network IP address is a distinction without a difference. Whether the affidavit stated that investigators knew that Morrow's home network shared illegal pornographic files or that they knew which device shared such files, the import of this information is the same: child pornography was downloaded from a device at Morrow's residence. Morrow has not shown that whether the downloads were associated with a network or a particular device had any effect on the magistrate judge's probable-cause finding. Indeed, it would not. Thus, these arguments fail.

C

The warrant was not based on a bare-bones affidavit. Morrow argues that, absent the alleged errors, the affidavit made only "conclusory statements" and "did not provide any facts to show that [Morrow] had child pornography on a device within his home." That is not true. We have already rejected Morrow's arguments that any errors misled the magistrate judge, and as already explained, the affidavit provided specific information about child

pornography downloaded from a specific residence. Nothing about that is conclusory. Thus, this argument fails.

## IV

Morrow has not shown that the information supporting the warrant was stale, that the alleged errors in the affidavit misled the magistrate judge, or that the warrant was based on a bare-bones affidavit. Because of this, the district court correctly held that the good-faith exception to the Fourth Amendment's exclusionary rule applies and, based on that, correctly denied Morrow's motion to suppress. Accordingly, we AFFIRM.