# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2020

No. 19-20330
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN MARQUISE STEWART,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-507-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In accordance with an agreement that preserved his right to appeal the denial of his motion to suppress, Melvin Marquise Stewart pleaded guilty to being a felon in possession of a firearm. In the motion, Stewart moved to suppress a firearm and ammunition found in the car he was driving, arguing that police officers lacked reasonable suspicion to detain him under the circumstances.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20330

When reviewing a denial of a motion to suppress evidence, we review factual findings for clear error and the ultimate constitutionality of law enforcement's action de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). In addition to deferring to the district court's factual findings made on the basis of live testimony, we must view the evidence in the light most favorable to the prevailing party. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

The totality of the circumstances, *see United States v. Arvizu*, 534 U.S. 266, 273 (2002), surrounding the stop indicate that the officers had a "reasonable, articulable suspicion that criminal activity [was] underfoot" when they stopped Stewart for questioning. *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000) (citing *Terry v. Ohio,* 392 U.S. 1, 30 (1968)). Stewart was observed carrying a gun in a convenience store in a high crime area in the middle of the night. *See United States v. Hill,* 752 F.3d 1029, 1035 (5th Cir. 2014). In addition, the officers detected the smell of marijuana in the area of Stewart's car, and the smell grew stronger as they approached the vehicle and he exited it. *See United States v. Casteneda,* 951 F.2d 44, 47-49 (5th Cir. 1992). Accordingly, the officers were justified in detaining Stewart and further investigating the gun and marijuana odor. *See Terry*, 392 U.S. at 30. In light of this ruling, we do not address Stewart's related argument that the gun and ammunition found in his car should be suppressed as the result of an illegal seizure.

AFFIRMED.