# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2020

Lyle W. Cayce
Clerk

No. 19-40625
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON KEITH AVERY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1094-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Aaron Keith Avery was convicted of two counts of transporting an undocumented alien. He argues that the district court erroneously denied his motion to suppress evidence because the stop of his vehicle at the Falfurrias Border Patrol checkpoint violated the Fourth Amendment. He contends that the Fourth Amendment violation occurred because the primary purpose of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

checkpoint was general crime control rather than the enforcement of immigration laws.

On appeal from the denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). Evidence is viewed in the light most favorable to the prevailing party, and "the clearly erroneous standard is particularly strong" where, as here, the district court's ruling is based on live oral testimony. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted).

"At a fixed checkpoint having the primary purpose of identifying illegal immigrants, vehicles may be briefly detained in furtherance of that purpose and their occupants questioned, all without either a warrant or any individualized reasonable suspicion." *United States v. Jaime*, 473 F.3d 178, 181 (5th Cir. 2006). The scope of immigration checkpoint stops "is limited to the justifying, programmatic purpose of the stop: determining the citizenship status of persons passing through the checkpoint." *United States v. Machuca-Barrera*, 261 F.3d 425, 433, 435 (5th Cir. 2001).

The district court did not err in rejecting Avery's argument that the agent's questioning went beyond the reasonable scope and duration of an immigration-related stop. In the brief stop, lasting about 35 seconds, the agent asked Avery roughly four questions pertaining to his travels before requesting, and receiving, Avery's consent to search his trunk. *See Jaime*, 473 F.3d at 181; *cf. City of Indianapolis v. Edmond,* 531 U.S. 32, 47-48 (2000). These were permissible queries. *See United States v. Tello*, 924 F.3d 782, 787 (5th Cir.); *cert. denied*, 140 S. Ct. 172 (2019). Avery thus fails to show that the district court erred in denying his motion to suppress evidence discovered after the stop. *See Lopez-Moreno*, 420 F.3d at 429. Because Avery has not shown that

No. 19-40625

the initial stop was unconstitutional, we do not address his argument that the unconstitutional stop tainted his consent to the search of his trunk.

The judgment is AFFIRMED.