# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2020

Lyle W. Cayce
Clerk

No. 19-31051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HENRY BABIN,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-42-1

Before JONES, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Henry Babin challenges the denial of his motion to suppress evidence seized during a search. He asserts: the search warrant did not authorize the search of a structure he contends was his residence; and the good-faith exception to the exclusionary rule is inapplicable because the warrant applicant recklessly prepared the application by conducting insufficient surveillance.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-31051

The underlying facts are not disputed and were established through an agent's suppression-hearing testimony.   Agents investigating the online distribution of child pornography identified an address as the location of at least one computer sharing child pornography.  A warrant application listed the location to be searched as "[t]he residence located at [the address]".  The application further "described" the residence "as a one-story single-family dwelling with white [siding] and a grey roof" and noted that "[a] small travel trailer is on the property next to the carport [and] has been verified . . . as part of the property".  The application listed the correct address and was granted as filed.

During the warrant's execution, agents noticed what the subsequent district court's order denying the motion to suppress described as a "shed".  The shed, a "secondary structure" located about 30–50 feet behind the main dwelling, lacked:  a mailbox; an external air-conditioning unit; a fence; and a water system.  It also relied on the main dwelling for electricity.  After Babin exited the shed, he told an agent the shed:  was "part of the residence"; and shared an address with the main dwelling.

The shed was then searched.  At some point, Babin informed an agent the shed was his residence.  Electronic devices were seized and subsequently found to contain evidence of child pornography.

Babin moved to suppress this evidence, contending the executing agents exceeded the warrant's scope because the warrant did not mention the shed, which he contended was subject to heightened Fourth Amendment protection as his "residence".  After this motion was denied, and pursuant to a plea agreement reserving his right to challenge the denial, he conditionally pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A.

No. 19-31051

"[T]he reasonableness of an officer's reliance upon a warrant issued by a magistrate" is reviewed *de novo*. *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (citation omitted). When evaluating a motion to suppress, courts "consider the evidence in the light most favorable to the verdict, and accept the district court's factual findings unless clearly erroneous or influenced by an incorrect view of the law". *United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994) (citation omitted).

As held in *United States v. Leon*, 468 U.S. 897 (1984), "the Fourth Amendment does not require the suppression of evidence obtained as a result of objectively reasonable reliance on a warrant, even if the warrant is subsequently invalidated". *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999). Our court "employ[s] a two-step process for reviewing a district court's denial of a motion to suppress when a search warrant is involved". *Id.* (citation omitted). If "the good-faith exception to the exclusionary rule announced in [*Leon*] applies", the analysis need proceed no further. *Id.* (citation omitted). The second step is to "ensure that the magistrate had a substantial basis for concluding that probable cause existed". *Id.* (alteration omitted) (quoting *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129 (5th Cir. 1997)).

The good-faith exception applies unless

the issuing-judge was "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; the issuing-judge "wholly abandoned his judicial role" in such a manner that "no reasonably well trained officer should rely on the warrant"; the warrant was "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or the warrant was facially invalid.

3

No. 19-31051

*United States v. Gibbs*, 421 F.3d 352, 355 (5th Cir. 2005) (quoting *Leon*, 468 U.S. at 923).  In this instance, the more direct approach is step two, regarding probable cause.

Babin, who is represented by counsel, assumes the searched structure was a residence, rather than a shed, but he provides no analysis or citation to any authority supporting this assumption.  Accordingly, he has abandoned any such contention.  *See, e.g.*, *United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (citations omitted).

Because, as the district court concluded, the warrant authorized a search on the premises of the residence at the designated address, which was correctly stated in the warrant, it also authorized the search of a detached shed on that premises.  *See United States v. Olinde*, No. 04-31061, 2006 WL 1049048, at *4 (5th Cir. 20 Apr. 2006) ("If the warrant states the physical address of the premises and gives a description of the residence, [a] detached shed is the type of building that is ordinarily a part of residential property." (alterations and internal quotation marks omitted) (quoting *United States v. Earls*, 42 F.3d 1321, 1327 (10th Cir. 1994))); *United States v. Napoli*, 530 F.2d 1198, 1200–01 (5th Cir. 1976) (concluding warrant's "reference to [correct street address] was sufficient" to authorize search of camper not specifically identified in warrant) (citations omitted)).

AFFIRMED.