# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2020

Lyle W. Cayce
Clerk

No. 19-31043
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Williams,

*Defendant—Appellant*,

consolidated with

No. 19-31064

United States of America,

*Plaintiff—Appellee*,

*versus*

Lequinton Jerry,

*Defendant—Appellant*.

No. 19-31043
c/w No. 19-31064

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-331-2
USDC No. 5:18-CR-331-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.
PER CURIAM:*

Omar Williams and Lequinton Jerry each appeals his conditional guilty-plea conviction of possession of a firearm by a convicted felon. Each argues that the district court erred by denying his respective motion to suppress evidence seized from the vehicle driven by Williams, and in which Jerry was riding as a passenger, following a traffic stop conducted by Bossier Parish Sheriff's Office (BPSO) Lieutenant David Faulk. Specifically, each contends that the district court erred by crediting, over Williams's testimony to the contrary, Faulk's testimony that he initiated the traffic stop after seeing the appellants' vehicle weave and touch both the fog line and centerline of the road in violation of Louisiana Revised Statute Annotated § 32:79. *See United States v. Jones*, 185 F.3d 459, 463-64 & n.3 (5th Cir. 1999) (holding that officer had probable cause to initiate traffic stop based on witnessed § 32:79 violation).

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). A credibility determination is a factual finding. *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010). The clearly erroneous standard is particularly deferential when, as in the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

instant case, "denial of a suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). The district court's choice between two permissible views of the evidence cannot be clearly erroneous. *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014).

While Williams and Jerry insist that the district court should have accepted their version of events over Faulk's, neither attempts to show that the district court's credibility determinations—particularly with regard to whether the traffic infraction occurred—were based upon an impermissible view of the evidence. *See id.* Further, as Williams acknowledges, even if Faulk had reasons other than the witnessed infraction for making the stop, such reasons are irrelevant for Fourth Amendment purposes so long as the infraction took place. *See Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. Harris*, 566 F.3d 422, 434-35 (5th Cir. 2009).

The appellants have failed to show that the credibility determinations at issue were clearly erroneous. *See Gibbs*, 421 F.3d at 357. Accordingly, they have failed to show that the district court erred by holding that Faulk had probable cause to initiate the stop. *See Jones*, 185 F.3d at 463-64 & n.3.

AFFIRMED.