# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2020

Lyle W. Cayce
Clerk

No. 19-50066
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGELA MICHELLE WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-37-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

A jury convicted Angela Michelle Williams of possession with intent to distribute crack cocaine and distribution of cocaine. Law enforcement officials discovered crack cocaine on Williams's person during a strip search after she was arrested for traffic violations.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50066

Williams appeals her convictions, arguing that the district court erred by denying her first motion to suppress, her motion for reconsideration, and her second motion to suppress. She argues that the evidence of drugs found on her person during her post-arrest strip search should have been suppressed because there was not cause to stop her, detain her, or take her to the jail to be strip searched. She further argues that the evidence does not support her conviction of distribution of cocaine because the government's witnesses were not credible and she cannot be identified in the video evidence, taken by a cooperating witness, of a controlled drug buy.

In reviewing the denial of a motion to suppress, we review for clear error the district court's factual findings, and we review de novo a traffic stop's constitutionality, including whether reasonable suspicion existed to initiate the stop. *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). When "a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

In this case, Detective Sedillo testified at the suppression hearing that he saw Williams drift between two lanes and change lanes without signaling, and that he relayed those observations to Officers Rodriguez and Gonzalez, who conducted the traffic stop. Accordingly, the initial stop was justified under the doctrine of collective knowledge. *See United States v. Ibarra-Sanchez*, 199 F.3d 753, 759-60 (5th Cir. 1999); *accord United States v. Molinero Puente*, 778 F. App'x 311, 312 (5th Cir. 2019) (affirming denial of motion to suppress based on arrest for traffic violations observed by one officer and communicated to another arresting officer). This collective knowledge also justifies arresting Williams for the traffic offenses. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

No. 19-50066

Furthermore, testimony and body-camera recordings from the traffic stop demonstrate that Officer Rodriguez observed that Williams had red eyes, asserted multiple times she had not been drinking, and was argumentative and "squirrely" during the pat-down search. Officer Rodriguez could reasonably have suspected that Williams's failure to maintain her lane of travel was related to drug or alcohol use, which justified extending the length of the detention. *See Rodriguez v. United States*, 575 U.S. 348, 354–55, 358 (2015) (requiring reasonable suspicion to detain a person longer than reasonably necessary to complete the mission of the traffic stop).

Because the traffic stop and arrest did not violate Williams's Fourth Amendment rights, the district court did not err by denying her pretrial motions.

Williams preserved her sufficiency-of-the-evidence argument about her distribution conviction, thereby preserving a de novo standard of review. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007); *United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995). Therefore, in considering the evidence supporting that conviction, we must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). All evidence and reasonable inferences therefrom must be construed in the prosecution's favor. *United States v. Rodriguez*, 553 F.3d 380, 389 (5th Cir. 2008). A jury is free to choose among any reasonable construction of the evidence, *see United States v. Meza*, 701 F.3d 411, 422–23 (5th Cir. 2012), and we will not second-guess the jury's reasonable determinations of evidentiary weight and witness credibility, *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008).

To prove that Williams distributed cocaine, the government had to prove that she "(1) knowingly (2) distributed (3) the controlled substance."

*United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir. 1996). The video of the controlled buy, plus testimony from the cooperating witness who filmed it, Detective Sedillo, and a forensic scientist, gave the jury sufficient evidence to find beyond a reasonable doubt that Williams knowingly distributed cocaine. *See id*.

The record does not demonstrate that Williams is entitled to relief on appeal. Consequently, the judgment of the district court is AFFIRMED.