# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2020

Lyle W. Cayce
Clerk

No. 20-60076
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Otha Ray Flowers,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-59-2

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

A jury convicted Otha Ray Flowers of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to, *inter alia*, the statutory maximum term of 120-months' imprisonment. Flowers challenges the denial of his motion to suppress a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

firearm seized during a warrantless search of the apartment where he was staying as a guest.  His claim fails.

When reviewing the denial of a suppression motion, our court reviews questions of law *de novo*; factual findings, for clear error.  *E.g.*, *United States v. Daniels*, 930 F.3d 393, 400 (5th Cir. 2019).  Factual findings are "clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed".  *United States v. Hernandez*, 279 F.3d 302, 306 (5th Cir. 2002) (internal quotations and citation omitted).

Where, as here, the denial of a suppression motion is based on testimony at a hearing on the motion, "the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses".  *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010).  Further, we review the evidence "in the light most favorable to the prevailing party", in this instance, the Government.  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).  And, a district court's ruling on a suppression motion should be upheld "if there is any reasonable view of the evidence to support it".  *United States v. Garcia-Lopez*, 809 F.3d 834, 838 (5th Cir. 2016) (internal quotation marks and citation omitted).

In February 2019, Flowers was indicted by a federal grand jury in a different matter and an arrest warrant was issued for him.  Shortly thereafter, two FBI agents approached the apartment of Flowers' sister seeking information concerning his whereabouts.  Unexpectedly, the agents encountered Flowers as he exited the apartment with a companion, Bianca Otto.  The agents told Flowers he was under arrest.  As the agents struggled to place him in custody, one agent saw Flowers throw a firearm into the sister's apartment and could see it on the floor through the open door.  The other agent then saw Otto reenter the apartment and close the door.  Once

Flowers was detained, Otto reopened the door but the firearm was no longer visible.

Aware that Flowers had been previously convicted of being a felon in possession of a firearm, one agent entered the apartment to conduct a protective sweep.  Otto told the agent only two other women were in the apartment, but the agent did not know Otto and was unsure he could rely on her statement.  After the agent saw two women enter, including Flowers' sister, from the rear of the apartment, the firearm remained missing and the agent continued the protective sweep.  As the agent moved to the back of the apartment, he asked Otto where the firearm was placed, and she led him to a pile of laundry in a rear bedroom.  At the agent's request, Otto lifted the laundry, revealing the firearm.

A warrantless search is presumptively unreasonable, subject to certain exceptions.  *United States v. Guzman*, 739 F.3d 241, 245–46 (5th Cir. 2014).  The exigent-circumstances exception "requires a court to examine whether an emergency justified a warrantless search in each particular case".  *Riley v. California*, 573 U.S. 373, 402 (2014).  In applying the exception, an agent must have had an "objectively reasonable basis" for his concern for public safety and must have acted reasonably.  *United States v. Toussaint*, 838 F.3d 503, 509 (5th Cir. 2016).  A related exception, the protective-sweep doctrine, permits "government agents, without a warrant, to conduct a quick and limited search of premises for the safety of the agents and others present at the scene".  *United States v. Lim*, 897 F.3d 673, 688 (5th Cir. 2018) (citation omitted).

The possible danger to the agents and the public from whoever may have been in the apartment with Otto and the firearm, as well as the potential removal of it, formed an objectively reasonable basis for the agent's warrantless entry into the apartment.  *See Toussaint*, 838 F.3d at 508–09.  The

No. 20-60076

same reasonable concern for the safety of the agents and the public permitted the agent's protective sweep. *See Lim*, 897 F.3d at 688; *United States v. Silva*, 865 F.3d 238, 242 (5th Cir. 2017) (finding a protective sweep of defendant's trailer reasonable after defendant was arrested outside the trailer, defendant had a criminal history, and officers were uncertain if other individuals were inside the trailer). As the agent continued moving through the apartment to confirm the apartment harbored no additional persons, the firearm remained unsecured. The same continuing danger resulted in an exigency that justified the warrantless search of the laundry pile. *See United States v. Shannon*, 21 F.3d 77, 81 (5th Cir. 1994) (ruling warrantless search of defendant's hotel room reasonable after defendant told officers there was a firearm under the mattress and officers believed "there was a possibility of danger to themselves or other motel guests if an unknown suspect who might still be inside the room were to gain access to the gun").

AFFIRMED.