# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-40660
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Esquivel-Martinez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-275-1

———————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*:

Per Curiam:[*]

Omar Esquivel-Martinez conditionally pleaded guilty to conspiracy to transport an undocumented alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I), reserving his right to contest any ruling on his motion to suppress evidence. Esquivel challenges the district court's denial of that motion, concerning evidence discovered during the roving

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

patrol stop that led to his arrest by United States Border Patrol. He maintains the stop was not supported by reasonable suspicion.

For the contested denial of this motion, the constitutionality of the stop, including whether there was reasonable suspicion, is reviewed *de novo*. *United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). Factual findings, including the court's credibility choices, are reviewed for clear error, *United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009), with the evidence presented at a suppression hearing viewed in the light most favorable to the prevailing party (in this instance, the Government), *Cervantes*, 797 F.3d at 328. Particular deference is given where, again as in this instance, the court's ruling is based on live testimony. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citation omitted). The district court's ruling on a motion to suppress will be upheld "if there is any reasonable view of the evidence to support it". *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (citation omitted).

In determining whether reasonable suspicion existed in a border-patrol area, our court examines the totality of the circumstances and weighs the factors provided in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975). *Cervantes*, 797 F.3d at 329. These factors include: the area's proximity to the border; the characteristics of the area; usual traffic patterns; the agents' experience in detecting illegal activity; the driver's behavior; particular characteristics of the vehicle; information about recent illegal trafficking of aliens or narcotics in the area; and the number, appearance, and behavior of passengers in the vehicle. *Id*.

The *Brignoni-Ponce* factors weigh heavily in favor of finding reasonable suspicion. The vehicle was initially spotted approximately 2.6 miles from the border, and the stop occurred only 13 miles from the border. *See United States v. Villalobos*, 161 F.3d 285, 289 (5th Cir. 1998) (noting that 50 miles is

the threshold for border proximity). The incident occurred in an area known for human and drug smuggling. *E.g.*, *Cervantes*, 797 F.3d at 336. The agent who initiated the stop had about six years of experience, had worked over 100 roving patrols in the relevant area, and had completed a one-year detail with an interdiction team that involved prosecuting over 300 smuggling cases. Moreover, the agent's actions were based on a reliable tip about recent smuggling activity. *See United States v. Ceniceros*, 204 F.3d 581, 584 (5th Cir. 2000) (explaining that a be-on-the-lookout advisory "or anonymous tip may provide the reasonable suspicion required to justify an investigatory stop").

Additionally, Esquivel's vehicle was observed driving in tandem with a scout vehicle. *Villalobos*, 161 F.3d at 291 (noting that traveling in tandem is "an arrangement favored by smugglers"). The driver of the suspect vehicle also engaged in other suspicious behavior, including erratic driving, constant monitoring of the agent through the sideview mirror, and almost causing two traffic accidents. *See Brignoni-Ponce*, 422 U.S. at 885 (noting "[t]he driver's behavior may be relevant, as erratic driving or obvious attempts to evade officers can support a reasonable suspicion").

Because the existence of reasonable suspicion is ultimately based on the totality of the circumstances, "[n]ot every *Brignoni-Ponce* factor need weigh in favor of reasonable suspicion for it to be present". *United States v. Zapata-Ibarra*, 212 F.3d 877, 884 (5th Cir. 2000). Moreover, the reliable tip weighs in favor of reasonable suspicion sufficient to support a roving stop. *E.g.*, *United States v. Hernandez*, 477 F.3d 210, 215 (5th Cir. 2007).

Additionally, reasonable suspicion can vest through the collective knowledge of the officers involved, so long as there is "some degree of communication" between the acting officer and the officer with knowledge of the necessary facts. *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007). The collective knowledge doctrine is applicable, as multiple law

No. 23-40660

enforcement officials each provided information that, when added together, resulted in the requisite reasonable suspicion. *See United States v. Wright*, 74 F.4th 722, 731 (5th Cir. 2023).

AFFIRMED.