# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40424

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS ARTURO CONCHAS-MANCILLA,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-756-1

————————————————————————

Before RICHMAN, DUNCAN, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Jesus Arturo Conchas-Mancilla appeals the denial of his motion to suppress cocaine discovered in his car after a canine alert at a border checkpoint. We AFFIRM.

I

In April 2023, Conchas-Mancilla arrived at a routine immigration checkpoint in Sarita, Texas. As he neared the checkpoint, Border Patrol

—————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40424

Agent Cory Whetten and his certified drug-detection dog, Badi, patrolled around Conchas-Mancilla's car for a free-air sniff. Near the rear driver's side, Badi began repeatedly straining to get under the car's bumper, which Agent Whetten recognized as Badi alerting to an odor. He signaled to Border Patrol Agent Maxwell, further up in the inspection area, that Conchas-Mancilla should go to "secondary," where agents can inspect cars more closely. Agent Maxwell told Conchas-Mancilla that a dog had alerted to his vehicle and directed him toward the secondary inspection area. As Conchas-Mancilla moved away from Badi to secondary, Badi barked and exhibited other behavior showing his frustration at the odor's escape.

Agent Whetten brought Badi to the secondary inspection area where he again alerted to the car's rear bumper. Concluding that Badi's several alerts provided probable cause, agents searched the car. They found 17.4 kilograms of cocaine hidden in the hollow tubing of the car's bumper. Drug Enforcement Administration agents detained and interviewed Conchas-Mancilla. He confessed to drug trafficking after waiving his *Miranda* rights.

Conchas-Mancilla was charged with drug conspiracy and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Conchas-Mancilla moved to suppress the cocaine evidence, arguing in part that Badi's alerts did not provide probable cause to search his vehicle. The district court held a two-day evidentiary hearing on his motion. Agent Whetten, Agent Maxwell, and a Border Patrol canine training specialist named Agent Hopper all testified for the Government.

The district court orally denied Conchas-Mancilla's motion to suppress. It found that Badi alerted to the car and that Agent Whetten recognized Badi's behavior as an alert. Accordingly, the court held that

2

Badi's alert provided probable cause for the search. Conchas-Mancilla then pled guilty to possession with intent to distribute cocaine, but he preserved his right to appeal the denial of his motion to suppress in his plea agreement.

Conchas-Mancilla now appeals.

## II

When reviewing a suppression motion, we review factual findings for clear error and legal conclusions *de novo. United States v. Alvarez*, 40 F.4th 339, 344 (5th Cir. 2022). We view the evidence in the light most favorable to the prevailing party—here, the Government. *Ibid.* Whether probable cause existed is a legal conclusion, *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008), whereas whether a canine alerted and a canine's reliability are factual findings, *United States v. Outlaw*, 319 F.3d 701, 704 (5th Cir. 2003).

"Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (quoting *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005)).

## III

Conchas-Mancilla argues that the agents lacked probable cause for the search because Badi only alerted to—but did not indicate—the presence of drugs. As our court has noted, "alert" and "indicate" are Border Patrol terms used to describe different canine behaviors. An alert is "an instinctual change in body posture that occurs when the canine first encounters a trained odor." *United States v. Keller*, 123 F.4th 264, 266 n.1 (5th Cir. 2024). An indication "is a trained behavior—such as sitting, pointing, scratching, or biting—that occurs after the 'alert,' when the canine detects contraband or people." *Ibid.*

Conchas-Mancilla claims that Badi's alert, without more, did not provide probable cause. He anchors his argument to one footnote in *Keller*, 123 F.4th at 269 n.2. That footnote states that a "trained and certified dog performing its trained behavior [*i.e.*, an indication] is sufficient by itself to create probable cause for a search," but the same dog "exhibiting a distinct behavior that is innate or instinctive but not trained [*i.e.*, an alert] *may* create probable cause in combination with other evidence or testimony." *Ibid.* The Government responds that Conchas-Mancilla misreads *Keller*'s footnote, and, in any event, it is dicta.

### A

"[O]ur Fourth Amendment jurisprudence does not require drug dogs to abide by a specific and consistent code in signaling their sniffing of drugs to their handlers." *United States v. Clayton*, 374 F. App'x 497, 502 (5th Cir. 2010) (per curiam). Instead, when evaluating a probable-cause challenge to a dog alert, the "question . . . is whether all the facts surrounding [the] dog's alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime." *Florida v. Harris*, 568 U.S. 237, 248 (2013). "A sniff is up to snuff when it meets that test." *Ibid.*

We use this totality of the circumstances test for both alerts and indications. In *Harris*, the Supreme Court did not split hairs between these two varieties of canine behavior. *See* 568 U.S. at 240. If anything, the canine's behavior in *Harris* was more akin to an alert. *Ibid.* (calling the canine action there a "distinctive set of behaviors"—not one single trained behavior—that show a dog reacts to the smell of drugs). Under this totality test, our court has repeatedly held that an alert, short of a full indication, can provide probable cause. *See, e.g.*, *United States v. Martinez*, 102 F.4th 677, 686 (5th Cir. 2024); *United States v. Shen*, 749 F. App'x 256, 261–62 (5th Cir. 2018)

(per curiam); *United States v. Clayton*, 374 F. App'x 497, 502 (5th Cir. 2010) (per curiam). And as a general matter, courts may "presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search" if the dog was certified and tested by a "bona fide organization." *Harris*, 568 U.S. at 246–47.

As all of our cases in this area, *Keller* followed the Supreme Court by refusing to lay down a "rigid rule[], bright-line test[], [or] mechanistic inquir[y]" when evaluating canine drug-detection behavior. *Id.* at 244. In *Keller*, we concluded, under the "totality of the circumstances" test, that a dog's indication "provided probable cause to search." 123 F.4th at 269. We explained that an indication may be near-dispositive under the totality test. *Id.* at 269 n.2; *see also United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003) ("We have repeatedly affirmed that an [indication] by a drug-detecting dog provides probable cause to search."). At the same time, however, we did not hold that alerts cannot provide probable cause. *See United States v. Villafranco-Elizondo*, 897 F.3d 635, 644 (5th Cir. 2018) ("[W]e have previously rejected the notion that the failure of a drug dog to alert deprives officers of existing probable cause."); *see also Shen*, 749 F. App'x at 261 ("[T]here is no Fifth Circuit law demanding that a drug dog come to a full and final alert before probable cause exists.").

B

We conclude that all the circumstances surrounding Badi's alerts, viewed through the "lens of common sense," would lead a "reasonably prudent person" to believe that searching Conchas-Mancilla's car would reveal drugs. *Harris*, 568 U.S. at 248.

The district court did not clearly err when it found Badi was a particularly reliable drug-detection dog that gave an "alert reaction." First, Badi was uniquely reliable. Badi and Agent Whetten were first certified

together in 2018 by the U.S. Customs and Border Protection and have never required remedial training. Badi is "one of the top [drug] seizing canines at [their] station," discovering drugs thousands of times. And mere months before the suppression hearing, Badi and Agent Whetten finished first in a drug-search competition against the best canine teams in Texas and Mexico. As the district court found, "there is absolutely no evidence to question the reliability" of Badi's alerts.

Second, Badi gave a strong alert to the cocaine in Conchas-Mancilla's car. The court relied on Agent Whetten's testimony describing Badi changing his posture by frenetically pulling on his leash to get underneath the car's bumper and barking when the car moved away. The court also credited Agent Hopper's experience as a canine-training specialist, who determined Badi alerted "without a doubt." These behaviors were not "highly ambiguous," as Conchas-Mancilla claims. They were, as the district court found, a definitive alert that pinpointed the drugs in Conchas-Mancilla's car bumper.

Conchas-Mancilla emphasizes that Badi never gave a full indication, but he is "barking up the wrong tree." *Shen*, 749 F. App'x at 262. We "presume" Badi's alert provided probable cause because a "bona fide organization," U.S. Customs and Border Patrol, "has certified" Badi "after testing his reliability in a controlled setting." *Harris*, 568 U.S. at 246–47. What's more, we view the evidence in the light most favorable to the Government. *Alvarez*, 40 F.4th at 344. Badi, a certified and uniquely reliable drug-detection dog, twice provided strong alerts that correctly identified where Conchas-Mancilla's cocaine was hidden. "[C]ommon sense" shows agents had probable cause. *Harris*, 568 U.S. at 248.

No. 25-40424

IV

The district court's denial of Conchas-Mancilla's motion to suppress is AFFIRMED.